338 So.2d 65 (1976)
George R. PARKS, Jr., Appellant,
v.
RALSTON CONSTRUCTION CO., Appellee.
No. 76-376.
District Court of Appeal of Florida, Third District.
September 21, 1976.
Jack R. Rice, Jr., Miami, Pilafian & Rice, for appellant.
Joel L. Wertheim, Miami, for appellee.
Before PEARSON, HENDRY and NATHAN, JJ.
PER CURIAM.
Appellant, plaintiff below appeals from the entry of an order of the Circuit Court of Monroe County, which states:
"THIS CAUSE coming on to be heard upon defendant's, RALSTON CONSTRUCTION CO., Motion to Set Aside Jury Verdict; Enter Judgment Non Obstante Veredicto For Defendant Or In The Alternative, Motion For New Trial, and the Court having heard the argument of counsel and being fully advised in the premises, it is
"ORDERED AND ADJUDGED that said Motion For New Trial is hereby granted on the ground that the plaintiff's property was not damaged to the extent of the verdict, and not only was such verdict excessive, but it exceeded the amount requested by the plaintiff, and the verdict rendered herein and entered in the records of this Court is hereby vacated and set aside, and a new trial is hereby granted to the defendant unless plaintiff shall, within thirty (30) days from the date of this Order, enter and file a remittitur in the sum of Thirty Thousand and no/100 Dollars ($30,000.00), reducing the judgment that may be entered in this cause to the sum of Fifteen *66 Thousand and no/100 Dollars ($15,000.00). It is further.
"ORDERED AND ADJUDGED that if the plaintiff shall, within the said thirty-day period, enter and file said remittitur, then in such event the defendant's said Motion for New Trial shall, at the expiration of the thirty-day period, stand denied, and in that event final judgment in favor of the plaintiff and against the defendant shall be entered in the sum of Fifteen Thousand and no/100 Dollars ($15,000.00).
"DONE AND ORDERED at Key West, Monroe County, Florida, this 2nd day of February, 1976."
It is appellant's main contention on appeal[1] that the trial court erred in ordering a remittitur in the amount of Thirty Thousand Dollars ($30,000.00) thereby reducing the jury verdict from Forty-five Thousand Dollars ($45,000.00) to Fifteen Thousand Dollars ($15,000.00) and that the court erred in granting a new trial to the defendant on the question of liability. We find merit in both of these contentions.
We therefore reverse that part of the order that directs the plaintiff to enter a remittitur in the sum of Thirty Thousand Dollars ($30,000.00) and that part of the order that grants defendant a new trial on the question of liability. We hold that the order granting a new trial should have been limited to the question of damages. The cause is therefore remanded for a new trial on the issue of damages only. It appears that the question of liability is fully supported by the record and no error has been made to appear with respect to the liability of the defendant.
Affirmed in part and reversed in part.
NOTES
[1] See Clement v. Aztec Sales Inc., Fla. 1975, 297 So.2d 1.