418 So.2d 1116 (1982)
J.R. LEDBETTER, M.D., Appellant/Cross-Appellee,
v.
Kenneth A. TODD, Appellee/Cross-Appellant.
No. 81-364.
District Court of Appeal of Florida, Fifth District.
August 11, 1982.
E. Clay Parker and Randa M. Owen, of Parker, Johnson, Owen & McGuire, P.A., Orlando, for appellant/cross-appellee.
Arthur J. Ranson and Mitchell J. Frank, of Robertson, Williams, Duane, Lewis & Ranson, P.A., Orlando, for appellee/cross-appellant.
SHARP, Judge.
Dr. Ledbetter (the defendant below in a malpractice case) and Todd (the plaintiff) both appeal from a final judgment after a jury trial which awarded Todd twenty two thousand nine hundred dollars ($22,900) in compensatory damages. The judgment was reduced to eleven thousand four hundred fifty dollars ($11,450) because of Todd's own negligence. Ledbetter argues there was insufficient evidence to support the jury's finding of negligence on his part, and that he was a proximate cause of Todd's injuries. Todd cross-appeals the trial court's failure to award him any medical *1117 mediation expenses, and its denial of his motion for additur or new trial because the jury failed to award him any damages for past or future pain and suffering.[1] We affirm the judgment on the verdict, but we agree that Todd's two points raised on cross-appeal have merit.
The evidence which tended to establish negligent treatment and, in turn, its proximate causation of Todd's injuries in this case was marginal. But on balance we conclude that these issues were properly sent to the jury for resolution.[2] Todd suffered at work a severe comminuted fracture of his left elbow. He is a young man, and earns his living by manual labor. There were three possible courses of medical treatment then available: do nothing for a time to see how severly the joint was damaged; fuse the bones in the arm, which would make the elbow unbendable; or replace the elbow with a false joint, called a Coonrad device. Dr. Ledbetter elected the third alternative and the evidence is unrebutted that Todd objected to the fusion alternative. The first operation was not successful, and Dr. Ledbetter did a second surgery, which necessitated removal of additional bone from Todd's arm.
Todd's expert witness testified that the selection of a Coonrad device was not appropriate in this case because: (1) Todd is a young man, (2) as a manual laborer he needs strength in his arm which the Coonrad does not allow; and (3) the success rate for this kind of operation is low. The witness also testified Dr. Ledbetter did not wait long enough before going ahead with the surgery and that the second surgery should not have been undertaken because the additional removal of bone from Todd's arm made fusion now impossible. The prognosis for Todd's use of his arm was poor.
The jury concluded that both Dr. Ledbetter and Todd contributed in part to the worsened present condition of Todd's arm. Compensatory damages were apportioned accordingly. However, the jury awarded nothing for pain and suffering present or future. This cannot be sustained given the logic of the jury's other findings. See Stevens v. Mount Vernon Fire Insurance Co., 395 So.2d 1206 (Fla. 3d DCA 1981); Anderson v. Chirogianis, 384 So.2d 1289 (Fla. 5th DCA 1980); Meana v. St. Petersburg Kennel Club, Inc., 279 So.2d 329 (Fla. 2d DCA 1973). Even if the jury concluded that, whatever treatment was selected, future pain was unavoidable given the nature of the injury, the two surgeries must have caused some amount of pain and suffering Todd would not otherwise have experienced.
We also conclude that the lower court should have awarded Todd the reasonable costs and expenses of the medical mediation process then required for the plaintiff.[3]
Accordingly, this case is remanded to the trial court for reconsideration of Todd's motion for additur.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.
DAUKSCH and COBB, JJ., concur.

*1118 APPENDIX

VERDICT
We, the jury, return the following verdict:
1. Was there negligence on the part of the Defendant, Dr. J.R. Ledbetter, in failing to diagnose and/or properly treat the fracture of the elbow which was the legal cause of loss, injury or damage to the Plaintiff, Kenneth A. Todd?
 ANSWER: No
2. Was there negligence on the part of the Defendant, Dr. J.R. Ledbetter, in performing unnecessary and inappropriate surgical procedures on or about February 16, 1976, and/or May 5, 1976, which was the legal cause of loss, injury or damage to the Plaintiff, Kenneth A. Todd?
 ANSWER: Yes
If your answers to questions 1 and 2 are NO, your verdict is for Defendant, and you should not proceed further except to date and sign this verdict form and return it to the courtroom. If your answer to question 1 or question 2 is YES, please answer question 3.
3. Was there negligence on the part of the Plaintiff, Kenneth A. Todd, which was a legal cause of his loss, injury or damage.
 ANSWER: Yes
If your answer to question 3 is YES, please answer question 4.
4. State the percentage of any negligence that you charge to:
 Defendant, Dr. J.R. Ledbetter 50%
 Plaintiff, Kenneth A. Todd 50%
5. What is the total amount of damages (100%) sustained by the Plaintiff, Kenneth A. Todd, and caused by the incident or incidents in question?
 TOTAL DAMAGES OF PLAINTIFF,
 KENNETH A. TODD $22,900.00
In determining the total amount of damages, do not make any reduction because of the negligence, if any, of Plaintiff, Kenneth A. Todd. If you have found Plaintiff Todd negligent in any degree, the court in entering the judgment will reduce Plaintiff Todd's total amount of damages (100%) by the percentage of negligence which you found was chargeable to him.
Of the total damages set forth above, please itemize how much of the said total is intended to compensate the Plaintiff for each of the following:
(a) Amount intended to compensate for reasonable expenses for necessary hospital and medical care and treatment.
 (1) Amount incurred to date $10,500.00
 (2) Amount to be incurred in the
 future $4,600.00
(b) Amount intended to compensate for lost working time or loss of earning capacity:
 (1) Amount incurred to date $5,200.00
 (2) Amount to be incurred in the
 future $2,600.00
(c) Amount intended to compensate for pain and suffering, disability, disfigurement, mental anguish and for loss of capacity for the enjoyment of life.
 (1) Amount incurred to date $-0-
 (2) Amount to be incurred in the
 future $-0-
(d) With respect to the amounts set forth above which are intended to compensate the Plaintiff for future damages, please set forth the number of years over which the amounts are intended to provide compensation.
Number of years 1 (One)
SO SAY WE ALL, this 12th day of December, 1980.
NOTES
[1] The Special Verdict form used in this case is set forth in Appendix.
[2] Daniels v. Weiss, 385 So.2d 661 (Fla. 3d DCA 1980); Groves v. Leo, 367 So.2d 1031 (Fla. 4th DCA 1979); O'Conor v. Dep't of Transp., 364 So.2d 84 (Fla. 3d DCA 1978); Hunt v. Palm Springs Gen. Hosp., 352 So.2d 582 (Fla. 3d DCA 1977); McCabe v. Walt Disney World Co., 350 So.2d 814 (Fla. 4th DCA 1977).
[3] In Carter v. Sparkman, 335 So.2d 802 (Fla. 1976), our Supreme Court held that the Medical Mediation Act was facially constitutional and noted: "We realize that certain items of expense in relation to the mediation attempts will be incurred, but it would naturally follow that such expenses to the extent of reasonableness would become a part of the costs of the judicial proceedings, taxable against the losing party." Id. at 805. While the Supreme Court subsequently held that the Medical Mediation Act was unconstitutional as applied in Aldana v. Holub, 381 So.2d 231 (Fla. 1979), Aldana was applied prospectively by the court and should not be construed to deny prevailing parties the reasonable costs incurred when medical mediation was mandatory.