458 So.2d 874 (1984)
STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY and John E. Wilkerson, Appellants,
v.
Fannie HOWARD, Appellee.
No. 84-309.
District Court of Appeal of Florida, Second District.
November 14, 1984.
H. Shelton Philips of Kaleel & Kaleel, P.A., St. Petersburg, for appellants.
Barry M. Salzman of Chambers & Salzman, P.A., St. Petersburg, for appellee.
RYDER, Chief Judge.
State Farm Mutual Automobile Insurance Company and John E. Wilkerson, defendants *875 below, appeal from an order granting a new trial on the issue of damages and a directed verdict as to their third affirmative defense. The trial court granted appellee's motion for a directed verdict, ruling that the tort exemption of section 627.733, Florida Statutes (1981), did not apply in this automobile accident case.
We find no error in the directed verdict. Appellants failed to carry their burden of showing that the trial court erred in its ruling and that they were entitled to the statutory tort exemption.
Appellants also failed to carry their heavy burden of showing that the trial judge abused his discretion in granting a new trial. Baptist Memorial Hospital, Inc. v. Bell, 384 So.2d 145 (Fla. 1980); Castlewood International Corp. v. Lafleur, 322 So.2d 520 (Fla. 1975). Although appellee presented evidence of an objectively verifiable injury, the jury awarded her zero damages. Her medical expenses were undisputed. Clearly, she is entitled to a new trial. Griffis v. Hill, 230 So.2d 143 (Fla. 1969); Hannabass v. Florida Home Insurance Co., 412 So.2d 376 (Fla. 2d DCA 1981); Albritton v. State Farm Mutual Automobile Insurance Co., 382 So.2d 1267 (Fla. 2d DCA 1980). Therefore, the trial court's judgment is affirmed.
DANAHY and LEHAN, JJ., concur.