504 So.2d 1376 (1987)
Kevin Morris MASSEY, a Minor, by and through Phillip H. Massey, His Father, and Phillip H. Massey, Individually, Appellants,
v.
Martha NETSCHKE and Geraldine Butler Ashe, Appellees.
No. 4-86-0350.
District Court of Appeal of Florida, Fourth District.
April 8, 1987.
*1377 Richard A. Sherman, Fort Lauderdale, for appellants.
Nancy W. Gregoire, Fort Lauderdale, for appellees.
GOLDMAN, MURRAY, Associate Judge.
This is an appeal from an order denying plaintiffs' motion for a new trial.
Plaintiffs brought suit for damages resulting from an accident in which the minor plaintiff was seriously and permanently injured when the motorcycle he was driving collided with an automobile driven by the defendant Mrs. Ashe.
The minor plaintiff fractured his thoracic spine; suffered four fractures of his right arm and wrist; had a broken toe and contusions and abrasions. He was hospitalized twice while doctors installed two metal plates in his forearm, which plates were still in his arm at the time of the trial. He was confined to bed for two to three months and had medical bills in excess of $15,000.00. The treating doctor assigned a permanent injury rating of 22 percent of the body as a whole, and the defendant's doctor assigned a 10 percent permanency rating.
The jury found the defendant 25 percent negligent, the minor plaintiff 25 percent negligent, and the minor's father 50 percent negligent, and awarded zero damages to the minor plaintiff and his father.
Plaintiff's motion for new trial was denied, and this appeal was timely filed.
Plaintiff's argue that the verdicts were grossly inadequate as a matter of law. We agree and reverse. Griffis v. Hill, 230 So.2d 143 (Fla. 1969); Taylor v. Ganas, 443 So.2d 251 (Fla. 1st DCA 1983); Skelly v. Hartford Casualty Insurance Co., 445 So.2d 415 (Fla. 4th DCA 1984); State Farm Mutual Automobile Insurance Co. v. Howard, 458 So.2d 874 (Fla. 2d DCA 1984).
Defendants argue that a new trial should not be granted since plaintiffs did not object or request resubmission of the case to the jury after the verdicts were rendered. Defendants have confused an inconsistent verdict with an inadequate verdict. See Cowart v. Kendall United Methodist Church, 476 So.2d 289, 291 (Fla. 3d DCA 1985), wherein Judge Schwartz states: "[A] zero damage verdict for the plaintiff, even when coupled with a finding of liability against the defendant, may be tested for inadequacy in the light of the evidence of the case raised, as here, only by an appropriate (and required) motion for new trial on these grounds."
Defendant further argues that if a new trial is required, the trial should be on both issues of liability and damages. We disagree. The liability issue is clearly separate from the damage issue in this trial. The liability verdict was clearly supported by the record. Cedars of Lebanon Hospital Corp. v. Silva, 476 So.2d 696 (Fla. 3d DCA 1985); Skelly v. Hartford Casualty Ins. Co.; Parks v. Ralston Construction Co., 338 So.2d 65 (Fla. 3d DCA 1976).
The order denying plaintiff's motion for new trial is reversed and the cause remanded for a new trial on the issue of damages only.
GLICKSTEIN and GUNTHER, JJ., concur.