587 So.2d 670 (1991)
SOUTHEASTERN INCOME PROPERTIES, etc., Appellant/Cross-Appellee,
v.
Nell TERRELL, et. ux., Appellees/Cross-Appellants.
No. 91-79.
District Court of Appeal of Florida, Fifth District.
October 24, 1991.
Michael M. Bell and Michael C. Tyson, of Hannah, Marsee, Beik & Voght, P.A., Orlando, for appellant/cross-appellee.
Jack E. Bowen, of Troutman, Williams, Irvin & Green, P.A., Winter Park, for appellees/cross-appellants.
HARRIS, Judge.
Nell Terrell fell in the parking lot of an Econo Lodge Motel owned by appellant. She sued and recovered an unsatisfactory amount of damages. She objected, and the trial court agreed, that the jury verdict was inconsistent. A new trial was ordered on the issue of damages. We reverse.
There is no contention that the jury erred in assessing Mrs. Terrell's future lost earnings, pain and suffering, future pain and suffering or the past lost consortium suffered by Mr. Terrell. The urged inconsistency is that the jury, although awarding future lost earnings, awarded no past lost earnings. This is because the interrogatory verdict combined "medical expenses and past lost earnings" in the same category.[1] *671 Since the amount awarded, $1,500, was the stipulated "medical expenses," it follows that no amount was awarded for past lost earnings. But this is not the same as a -0- verdict. It appears that the jury, after awarding medical expenses, merely overlooked the additional damages to be considered in that category. In other words, instead of a -0- verdict, there was a blank verdict.
This problem was caused by the form of the verdict and was readily apparent on the face of the verdict as soon as it was returned.
This case is controlled by Keller Industries, Inc. v. Morgart, 412 So.2d 950, 951 (Fla. 5th DCA 1982):
The fault must be ... placed upon the ... trial attorney who led the court into error by approving, or failing to object to, the form of the verdict before it was submitted to the jury. Trial counsel also failed to bring the inconsistent verdicts to the attention of the trial court before the jury was discharged thus preventing the timely correction of the problem by the trial judge [and jury]. For all we know, ... trial counsel intentionally, for tactical reasons, chose not to bring the problem to the court's attention.
In the present case, the jury, after hearing the entire trial, found Mrs. Terrell 80% negligent and awarded her modest damages. The omission complained of here, if timely raised and with proper instructions, could have been easily cured by that jury. By not timely raising the error in the verdict, it is waived.
We do not agree that the jury's failure to award the husband damages for future loss of consortium, even though they awarded past lost consortium and found some future pain and suffering for the wife, to be inconsistent verdicts.
In this case the wife was 68 years old and was suffering results of two recent knee operations at the time of the accident. Based on evidence presented, the jury could have found that the 81 year old husband, if he suffered future loss of consortium, could not prove that such loss was caused by the accident. In other words, the jury is not required to find that any pain and suffering must equate with loss of consortium.
REVERSED with instructions to reinstate the jury verdict.
COBB and GRIFFIN, JJ., concur.
NOTES
[1] Even though this is an approved form, its inadequacy is apparent on its face as evident from the verdict rendered in this case.