599 So.2d 1028 (1992)
Laurel BEREZ and Burton Berez, Appellants/Cross Appellees,
v.
Luisa TREADWAY and Charles Treadway, Appellees/Cross Appellants.
No. 91-0641.
District Court of Appeal of Florida, Fourth District.
April 29, 1992.
Motions for Rehearing and Clarification and Rehearing Denied July 14, 1992.
*1029 Ted Crispi of Law Office of Ted Crispi, P.A., Fort Lauderdale, for appellants/cross appellees.
John P. Kelly of Fleming, O'Bryan & Fleming, Fort Lauderdale, for appellees/cross appellants.
Motions for Rehearing and Clarification and Rehearing En Banc Denied July 14, 1992.
HERSEY, Judge.
In this case involving injuries caused by several dog bites, the jury initially returned a verdict for plaintiffs, awarding Laurel Berez damages for past and future medical expenses and loss of wages. Zero damages were awarded for pain and suffering, physical impairment, permanent scarring and other intangible consequences of her injuries. After the jury had been discharged and left the courtroom, defense counsel requested that the jury be recalled and instructed on nominal damages in view of the zero damage award. Over appellants' objections, the jury was escorted back into the courtroom and then was instructed to wait in the jury room. In due course the jury received further instruction, retired to consider a verdict, and after deliberating, awarded Laurel Berez $200.00 for past pain and suffering and other intangible damages and $100.00 for future damages. Appellants' motion for new trial was denied, and this appeal was commenced.
We do not reach the issue of the adequacy of the entire damage award or its relationship to the evidence. Immediately after the jury was initially discharged, appellants moved for a mistrial based upon the zero damage award. This motion should have been granted based upon the internally inconsistent verdict. See Pickel v. Rosen, 214 So.2d 730, 731 (Fla. 3d DCA 1968); Ledbetter v. Todd, 418 So.2d 1116, 1117 (Fla. 5th DCA 1982). We further hold that once the jury was discharged the error could not be corrected by recalling the jury. See Fitzell v. Rama Industries, Inc., 416 So.2d 1246 (Fla. 4th DCA 1982); Kirkland v. Robbins, 385 So.2d 694 (Fla. 5th DCA 1980), rev. denied, 397 So.2d 779 (Fla. 1981); United States Fidelity and Guaranty Co. v. Gulf Florida Dev. Corp., 365 So.2d 748, 749-50 (Fla. 1st DCA 1978); Smith v. State, 330 So.2d 59 (Fla. 1st DCA 1976). Any other rule would introduce an element of uncertainty into the present, settled sanctity of jury deliberations. The better rule, which we follow here, is that a jury may not be recalled after discharge to reconsider an inconsistent verdict.
We find no merit in any other points on appeal or cross appeal.
We reverse and remand for a new trial.
REVERSED AND REMANDED.
ANSTEAD and GARRETT, JJ., concur.