609 So.2d 766 (1992)
Nava HENDELMAN, as parent and best friend of Sivan Hendelman, a minor, Appellant,
v.
LION COUNTRY SAFARI, INC., Appellee.
No. 91-3063.
District Court of Appeal of Florida, Fourth District.
December 9, 1992.
Rehearing and/or Certification Denied January 14, 1993.
Louis Thaler of Deutsch & Blumber, P.A., Miami, for appellant.
Michele I. Nelson of Paxton, Crow, Bragg, Smith & Keyser, P.A., West Palm Beach, for appellee.
PER CURIAM.
AFFIRMED.
WALDEN, JAMES H., Senior Judge, concurs.
DELL, J., concurs specially with opinion.
ANSTEAD, J., dissents with opinion.
DELL, Judge, concurring specially.
I agree with Judge Walden that the judgment rendered in this case should be affirmed. Appellee correctly argues the jury rendered an inconsistent verdict when it awarded future damages without awarding past damages. The jury answered the interrogatory verdict in the following manner:
What is the amount of any damages for pain and suffering, disability, physical impairment, disfigurement, mental anguish, inconvenience, physical defect, or loss of capacity for the enjoyment of life,

 a. in the past? $ 0
 __________
 b. in the future? $ 1000.00
 __________
 TOTAL DAMAGES OF
 SIVAN HENDELMAN
 (add lines a and b) $ 1000.00
 ==========

The uncontradicted evidence establishes appellant sustained an injury that required medical treatment.
The jury, by its verdict, awarded nothing for past damages, a finding which arguably is contrary to the manifest weight of the evidence unless the jury mistakenly misplaced its award in the space provided for future damages. Based on the record in this case, an award of future damages without a finding of past damages was facially and internally inconsistent. Therefore, if appellant had informed the trial court of the jury's error before the court dismissed the jury, the jury's intent could have been ascertained and the verdict corrected. On the other hand, if the jury persisted in its determination that appellant had sustained no past damages, the court would have had a basis for a new trial. This court has consistently held that a party's *767 failure to object or otherwise inform the court of an inconsistent verdict before the jury is dismissed waives the inconsistency in the verdict as a point on appeal. See Burgess v. Mid-Florida Service, 609 So.2d 637 (Fla. 4th DCA 1992); Moorman v. Am. Safety Equip., 594 So.2d 795 (Fla. 4th DCA 1992); Robbins v. Graham, 404 So.2d 769 (Fla. 4th DCA 1981); Lindquist v. Covert, 279 So.2d 44 (Fla. 4th DCA 1973). See also Southeastern Income Properties v. Terrell, 587 So.2d 670 (Fla. 5th DCA 1991). It follows that a party may not circumvent these cases by later arguing the verdict is inadequate or contrary to the manifest weight of the evidence. It also seems logical that in most cases an inconsistent verdict would be either inadequate or contrary to the manifest weight of the evidence.
Therefore, I respectfully disagree with the dissenting opinion. In my view, the cases cited do not apply to this case. For example, in Berez v. Treadway, 599 So.2d 1028 (Fla. 4th DCA 1992), the jury, in a personal injury case, awarded damages for medical expenses and lost wages but nothing for past and future pain and suffering and other intangible damages. After the court discharged the jury and the jury had left the courtroom, plaintiff's counsel moved for a new trial, whereupon, at the request of defense counsel, the court recalled the jury to reconsider its verdict. Over plaintiff's objection, the jury then rendered a verdict awarding damages for past pain and suffering and other intangible damages. This court reversed and stated:
We do not reach the issue of the adequacy of the entire damage award or its relationship to the evidence. Immediately after the jury was initially discharged, appellants moved for a mistrial based upon the zero damage award. This motion should have been granted based upon the internally inconsistent verdict. We further hold that once the jury was discharged the error could not be corrected by recalling the jury.
Id. at 1029 (citations omitted). The dissent cites Berez as support for the conclusion that a party may challenge an internally inconsistent verdict after the court has dismissed the jury. It seems clear that the reference to an inconsistent verdict in Berez is dicta. This court reversed in Berez because the trial court erred when it recalled the jury to correct the verdict after the jury had been discharged. The dicta does not conform to the cases cited in support of this concurring opinion.
In Massey v. Netschke, 504 So.2d 1376 (Fla. 4th DCA 1987), this court recognized that a difference exists between an inadequate verdict and an inconsistent verdict:
Defendants argue that a new trial should not be granted since plaintiffs did not object or request resubmission of the case to the jury after the verdicts were rendered. Defendants have confused an inconsistent verdict with an inadequate verdict. See Cowart v. Kendall United Methodist Church, 476 So.2d 289, 291 (Fla. 3d DCA 1985)... .
Id. at 1377.
Finally, I have no disagreement with the excerpt quoted in the dissenting opinion from Cowart v. Kendall United Methodist Church, 476 So.2d 289 (Fla. 3d DCA 1985); however, in addition to the excerpt contained in the dissent, the Cowart court also stated:
But these decisions do not apply here. Mr. Cowart pointedly does not complain that his verdict is "inconsistent" with his wife's; indeed, he correctly points out that there is nothing necessarily or legally "inconsistent" between an award to the injured person and a finding of no damages in the derivative claim, which may be perfectly appropriate if the evidence on the point is insufficient or conflicting.
Id. at 291.
Appellant, by his failure to object to the facially and internally inconsistent verdict, waived the error in the jury's verdict and, therefore, the judgment must be affirmed.
ANSTEAD, Judge, dissenting.
The jury awarded the minor plaintiff, appellant here, damages for future pain and suffering, disfigurement and other intangibles, but awarded zero damages for *768 the minor's past intangibles. The evidence was uncontradicted that the minor had endured past pain and suffering, and liability was not at issue. Under similar circumstances this court and others have held that the plaintiff is entitled to a new trial. See Berez v. Treadway, 599 So.2d 1028 (Fla. 4th DCA 1992); Massey v. Netschke, 504 So.2d 1376 (Fla. 4th DCA 1987); Cowart v. Kendall United Methodist Church, 476 So.2d 289 (Fla. 3d DCA 1985).
These cases have also held that a new trial is required regardless of whether the plaintiff objects at the time that the verdict is returned that the verdict is inconsistent. In Cowart, the court, in an opinion by Judge Schwartz, declared:
In order to dispel any existing confusion on the matter, which we think is mostly unjustified in any event, we specifically hold that a contemporaneous objection to a zero verdict in a derivative personal injury claim, even though accompanied by a money award in the nonderivative one, is not required to preserve the claim that the award of no damages is inadequate or contrary to the weight of the evidence.
Id. at 290. This reasoning was expressly adopted by this court in Massey and applies here to the minor's claim for past damages.
It may be tempting to speculate that the jury made a mistake when the "0" was put on the past damages line, and that the jury intended to award all damages, past and future, with the award for future damages. However, it is not our role to speculate in such fashion. Regardless of the soundness of the policy behind the rule, we have taken the position, as have other courts, that a zero verdict in the face of undisputed evidence of damages ordinarily requires a new trial. I would reverse and remand for a new trial on all damages.