688 So.2d 346 (1997)
Anessa KRISTON, Appellant,
v.
Sally A. WEBSTER, etc., et al., Appellees.
No. 96-494.
District Court of Appeal of Florida, Fifth District.
January 3, 1997.
Order Denying Rehearing and Granting Clarification February 28, 1997.
*347 T. Scott Frazier of Terry & Frazier, P.A., Orlando, for Appellant.
Rutledge M. Bradford of Jack, Wyatt, Tolbert & Thompson, P.A., Maitland, for Appellees.
PETERSON, Chief Judge.
Anessa Kriston appeals an order granting a new jury trial in a personal injury action arising from an automobile accident. The trial court's ground for granting the new trial was that it erred by submitting a general verdict form to the jury rather than an itemized verdict form requested by Kriston pursuant to section 768.77, Florida Statutes (1995). We agree and affirm.
The defendant admitted she was responsible for the accident but contested the amount and proximate cause of Kriston's damages. The verdict form submitted to the jury simply provided one space for the amount of damages and another for a finding of no damages. During its deliberations, the jury submitted a question asking, "[W]hat is the amount of deduction off the award?" The court had previously instructed the jury to reduce the amount of compensation to which Kriston was entitled by the amount of medical insurance benefits she had received from her insurance company. The question was answered with the amount: $10,000.
The jury returned a verdict of $17,000, was polled and then discharged. Following the discharge, Webster's attorney learned from some of the jurors that there was an error in the manner in which the jury calculated its verdict. The exact manner in which the attorney learned of the jury's error and the communication of that error to the trial court is in dispute, but an affidavit in the record indicates that Webster's attorney interviewed the discharged jurors out of the presence of the trial court and the opposing attorney (Webster's attorney claims at oral argument that she was approached by the jurors). During the conversation, the jurors told Webster's attorney that they had mistakenly failed to apply the collateral setoff against the damages awarded to Kriston. The jurors were encouraged to express their sentiment to the trial court and when they attempted to do so, the trial court properly responded that he could not speak with them outside of the presence of counsel and that appropriate post trial motions would have to be filed.
Webster's attorney filed motions for new trial and remittitur and a motion to interview jurors supported by an affidavit setting forth the above facts. In granting the new trial, the trial court judge indicated that he was ignoring the inappropriate interviews and granting a new trial because he should have required, as requested, an itemized verdict form, and that, in his discretion, he decided that a new trial should be granted.
When the legislature enacted the Tort Reform and Insurance Act of 1986, Chapter 86-160, Laws of Florida, it provided in section 768.77, Florida Statutes, that the trier of fact is to itemize the damage awards for economic and non-economic losses and to further itemize those losses into past and future categories. It is our view that the itemized verdict required by the statute is mandatory when requested by a party. When Webster's request for that form of verdict was denied by the trial court, the grant of a new trial rectified that error.
*348 It is unfortunate that Webster's attorney did not seek the proper method to interview the jurors in this matter pursuant to Rule 4-3.5(d), Rules Regulating the Florida Bar, and to bring the matter before the court pursuant to Rule 4-3.5(b). Knowledge and observance of the rules regulating a lawyer's ethical conduct with respect to jury and court contacts is as important in the practice of the profession as knowing the substantive law. Ignorance or non-observance of those rules affects the reputation of the Bar and of the individual lawyer who violates them.
AFFIRMED.
HARRIS and ANTOON, JJ., concur.

ON MOTION FOR REHEARING OR CLARIFICATION
We grant the appellant's motion for clarification by amending our opinion to reflect that the itemized verdict form was requested by Webster, not Kriston. The appellant's motion for rehearing is denied.
HARRIS and ANTOON, JJ., concur.