720 So.2d 614 (1998)
Ronald Glenn PERRY and Leroy Hill, Appellants/Cross Appellees,
v.
Andrew W. ALLEN, Appellees/Cross Appellant.
No. 97-3345
District Court of Appeal of Florida, First District.
November 19, 1998.
Nancy Little Hoffmann, P.A., Ft. Lauderdale, for Appellants.
Sharon H. Proctor, of Avera & Avera, P.A., Gainesville, for Appellees.
KAHN, J.
We have an appeal and cross-appeal from a final judgment entered after jury trial in a tort action arising from a motor vehicle accident. As to the issues raised on appeal, we affirm. Specifically, the record supports the trial court's decision finding section 316.066(4), Florida Statutes (1993), inapplicable to statements made by defendant Ronald Perry at the accident scene. See Brackin v. Boles, 452 So.2d 540, 544 (Fla.1984). In addition, the trial court did not err in refusing to admit into evidence plaintiff Andrew Allen's emergency room records because appellants laid no foundation for admission.
In the cross-appeal, Allen argues that the trial court should not have corrected an error on the verdict form. The relevant part of the verdict concerns damages and reads:

4. As to Andrew W. Allen, what is the amount of medical
 expenses necessarily or reasonably obtained by him in the
 past:
 $ 7,617.91
5. As to Andrew Allen, what is the amount of any medical
 expenses necessarily or reasonably to be obtained by him
 in the future:

*615
 a. Total MEDICAL damages
 over future years: $ 609,124
 b. What is the number of
 years over which those
 future damages are intended
 to provide compensation? 51 yrs.
 c. What is the present value
 of those future damages? $ 62,991.00
6. As to Andrew Allen, what is the amount of his lost wages
 in the past and loss of earning capacity in the future,
 if any?
 a. Past Lost Wages: $ 7,391.10
 b. Total Future Loss of
 Earning Capacity: $2,515,537.10
 c. What is the number of
 years over which those
 future damages are intended
 to provide compensation? 42 
 d. What is the present
 value of those future damages? $ 416,278.31
7. Do you find that Andrew Allen sustained an injury as a
 result of the December 8, 1993 collision which consists
 in whole or in part of a permanent injury within a
 reasonable degree of medical probability?
 YES X NO ______
 If your answer to question 7 is YES, please answer question 8.
 If your answer to question 7 is NO, skip question 8 and
 answer question 9.
8. As to Andrew Allen, what is the amount of his damages
 resulting from any pain and suffering, disability or
 physical impairment, disfigurement, mental anguish,
 inconvenience, loss of capacity for the enjoyment
 of life experienced in the past or to be experienced
 in the future?
 a. Past: $ 20,000
 b. Future: $ 100,000
 Please answer question 9.
9. What are the total damages of Andrew Allen? $1,316,278.32
 (add lines 4, 5c, 6a, 6d, 8a, and 8b)

*616 The jury thus awarded "total damages" in the amount of $1,316,278.32. The amounts awarded for each category of damages, however, total only $614,278.32. No one in the courtroom noticed the error until immediately after the judge discharged the jury. The defendants requested that the verdict be set aside; the plaintiff asked that the jury be brought back in to clarify their verdict. The defendants objected to any recall of the jury because the jury had already been polled and discharged. The plaintiff again requested that the jury be brought back to correct the inconsistency. The judge declined to recall the jury, expressing concern over his authority to do so, and he subsequently adjourned court. The parties filed several post-trial motions, including a motion by defendants Perry and Hill for a new trial and a motion by a co-defendant, Allstate Insurance Company, to correct the verdict. The judge decided to "make the correct mathematical addition" and entered judgment for $614,278.32.
On cross-appeal, Allen argues that because the defendants did not object to the inconsistency in the jury's verdict before the jury was discharged, they waived any objection and the trial court therefore erred in correcting the verdict. Allen also argues that the trial court erred in correcting the verdict because the jury's true intentions were not known. Allen requests this court to reinstate the original jury verdict of $1,316,278.32. We affirm.
Although the total in line 9 of the verdict form differs from the actual amount of total damages by $702,000.00, no one in the courtroom noticed this discrepancy until after the judge had discharged the jury. "The law is clear that, where no objection is made to a defective verdict form or inconsistent verdict before the jury is discharged, any defect or inconsistency is waived." Gup v. Cook, 549 So.2d 1081, 1083 (Fla. 1st DCA 1989) (finding appellants not entitled to new trial on damages, where jury awarded "$0" for future medical expenses but awarded $500,000 for "future medical expenses reduced to present value," because appellants failed to object to "such inconsistency" when verdict was rendered), quashed in part on other grounds, 585 So.2d 926 (Fla.1991); see, e.g., Moorman v. American Safety Equip., 594 So.2d 795, 799 (Fla. 4th DCA 1992) (explaining that appellants waived inconsistency argument because they failed to object to verdict before jury discharged, where jury found seat belt manufacturer did not place seat belt on market with defect but found negligence on part of manufacturer in failing to warn of later-appearing defect); Southeastern Income Properties v. Terrell, 587 So.2d 670 (Fla. 5th DCA 1991) (finding that appellant waived argument regarding error in verdict, i.e., "that the jury, although awarding future lost earnings, awarded no past earnings," because it was not timely brought to trial court's attention); Alamo Rent-A-Car, Inc. v. Clay, 586 So.2d 394, 395 (Fla. 3d DCA 1991) (explaining that appellant waived argument regarding claimed inconsistency in verdict, i.e., that "it is inconsistent to award the same damages to children of different ages," because claim was not made when jury returned). See also Sweet Paper Sales Corp. v. Feldman, 603 So.2d 109, 110 (Fla. 3d DCA 1992) (finding that trial court erred in awarding plaintiff new trial on damages where any alleged inconsistency was obvious when verdicts were returned because plaintiff's "failure to object to the verdicton issues not of constitutional or fundamental characterconstituted a waiver"); North Am. Catamaran Racing Ass'n, Inc. v. McCollister, 480 So.2d 669, 671 (Fla. 5th DCA 1985) (explaining that inconsistency in products liability verdict, finding product not defective but finding negligence by manufacturer, was of "fundamental nature" warranting reversal even in the absence of objection prior to discharge of jury, where only evidence of negligence offered against manufacturer related to alleged negligent design).
We find, however, that this case does not involve an inconsistent verdict or a defective verdict form. The jury merely made a mathematical miscalculation in totaling the damages it awarded in each category. As the Fourth District recently observed, "[i]f there are no math experts on the jury, it is quite probable that the verdict form will contain some type of calculation error." McElhaney *617 v. Uebrich, 699 So.2d 1033, 1036 (Fla. 4th DCA 1997). Here, the verdict form directed the jury to add the amounts listed in lines 4, 5c, 6a, 6d, 8a, and 8b, the lines corresponding to each category of damages. This is the addition the trial court performed. In fact, this is the very action requested by Allen's counsel when the problem was first discovered: "Your Honor, I would just reiterate the plaintiff's request that the jury be asked to recalculate the total in number nine, or, if failing that, that the court recalculate the total in number nine based on the numbers provided in lines 4, 5c, 6a and so on."
The use of an itemized verdict form is required in cases such as this. See §§ 768.71, .77, Fla. Stat. (1993); see also Kriston v. Webster, 688 So.2d 346, 347 (Fla. 5th DCA 1997) ("It is our view that the itemized verdict required by the statute is mandatory when requested by a party."). The purpose of an itemized verdict is to require the jury to determine specified factual issues. See Kriston, 688 So.2d at 347 ("When the legislature enacted the Tort Reform and Insurance Act of 1986, Chapter 86-160, Laws of Florida, it provided in section 768.77, Florida Statutes, that the trier of fact is to itemize the damage awards for economic and non-economic losses and to further itemize those losses into past and future categories."). The judge then enters final judgment. The line requesting total damages is not needed for the judge to enter a final judgment. See generally Fla. Std. Jury Instr. (Verdict Forms) 8.1 (commenting that "[i]f the verdict form available in a particular case cannot clearly differentiate those columns, the Committee recommends that the `TOTAL DAMAGES' sum be omitted to avoid the possibility of the jury adding future economic damages twice"). Indeed, the act of adding the damages is purely ministerial, just as the computation of interest is ministerial. See Argonaut Ins. Co. v. May Plumbing Co., 474 So.2d 212, 215 (Fla.1985) ("Once a verdict has liquidated the damages as of a date certain, computation of prejudgment interest is merely a mathematical computation. There is no `finding of fact' needed. Thus, it is a purely ministerial duty of the trial judge or clerk of the court to add the appropriate amount of interest to the principal amount of damages awarded in the verdict."). Here, the jury's award for special damages conformed exactly to the evidence presented by plaintiff's documentary and expert evidence. The trial court did not err by correcting an obvious addition error.
AFFIRMED.
ERVIN and MINER, JJ., concur.