PETERSON, J.
Budget-RenWA-Car (Budget) appeals a final judgment following a jury verdict awarding damages to Laurie Santonino for injuries sustained in an automobile accident. We find no merit in the points raised by Budget, but wish to explain our decision regarding the jury’s verdict form awarding future damages for lost earnings or earning ability to be sustained in future years. The verdict form reads:
4. What is the amount of any future damages for lost earnings or earning ability to be sustained by LAURIE SAN-TONINO in future years?
(a) Total damages over future years. $ 2,300
(b) The number of years over which those future damages are intended to provide compensation. _20
(c) What is the present value of those future damages? $46,000
The jury should have entered the total amount of damages incurred for the twenty year period on the line marked “(a)” and reduced it to a lower amount on line “(c)” to reflect the present value of the amount on line (a). Instead they apparently multiplied line (a) by 20 to arrive at line (c).
The jury’s error was brought to the attention of the trial court prior to the discharge of the jury. The trial court gave Budget the opportunity to request that further instructions be given to the jury to clarify the verdict, but Budget was intent on requesting a mistrial and declined the opportunity. The trial court also commented that no evidence was presented to the jury to assist it in reducing future damages to present value. That issue was also discussed at the jury charge conference.
Budget was given the opportunity by the trial court to have the jury clarify its verdict, but declined. “The time to resolve this issue was at trial — not on appeal.” Matiyosus v. Keaten, 717 So.2d 1097, 1100 (Fla. 5th DCA 1998), rev. denied, 729 So.2d 392 (Fla.1999). Accordingly, Budget has waived its right to claim reversible trial error. See Burgess v. Mid-Florida Service, 609 So.2d 637 (Fla. 4th DCA 1992)(holding the jury’s failure to reduce future expenses and lost income to present *1157 value was not an error which required the grant of a new trial where defendant failed to object to the error prior to discharge of the jury); Keller Industries, Inc. v. Morgart, 412 So.2d 950 (Fla. 5th DCA 1982)(in-dicating reversal was not required in a case where the jury entered an inconsistent verdict because trial counsel failed to address the error before the jury was discharged, thus preventing the trial court from timely correcting problem). Accord Southeastern Income Properties v. Terrell, 587 So.2d 670 (Fla. 5th DCA 1991).
The judgment is affirmed.
AFFIRMED.
HARRIS and GRIFFIN, JJ., concur.