848 So.2d 1242 (2003)
PUBLIX SUPER MARKETS, INC., Appellant,
v.
Norman G. YOUNG and Jennifer Young, his wife, Appellees.
No. 4D02-1607.
District Court of Appeal of Florida, Fourth District.
July 9, 2003.
Rosemary B. Wilder of Marlow, Connell, Valerius, Abrams, Adler & Newman, Coral Gables, for appellant.
Edna L. Caruso, Barbara J. Compiani of Caruso, Burlington, Bohn & Compiani, P.A., West Palm Beach, and Leonel R. Plasencia of Plasencia & Associates, West Palm Beach, for appellees.
GROSS, J.
In a personal injury lawsuit, Norman and Jennifer Young sued Publix Super Markets, Inc. Norman Young injured his back while unloading a truck at the loading dock of a Publix Super Market. The jury *1243 returned a verdict finding Publix 70% negligent and Mr. Young 30% negligent. The court entered a final judgment in favor of the Youngs. We reverse because the court failed to use the itemized verdict form required by section 768.77, Florida Statutes (2001).
At the charge conference during the jury trial, the trial court elected to use the verdict form submitted by the Youngs. That form did not separate economic and noneconomic damages. It asked the jury to allocate percentages of fault between Publix and Norman Young. The verdict form additionally requested the jury to determine Mr. Young's total amount of damages and, on a separate line, the total amount of his wife's damages. At the charge conference, Publix objected to the form because it was "not itemized like the law requires."
Section 768.77 requires an itemized verdict in a negligence action. The statute provides:

In any action to which this part applies[1] in which the trier of fact determines that liability exists on the part of the defendant, the trier of fact shall, as a part of the verdict, itemize the amounts to be awarded to the claimant into the following categories of damages:
(1) Amounts intended to compensate the claimant for economic losses;
(2) Amounts intended to compensate the claimant for noneconomic losses; and
(3) Amounts awarded to the claimant for punitive damages, if applicable.
§ 768.77, Fla. Stat. (2001) (emphasis added).
The original version of section 768.77 was enacted as part of the Tort Reform and Insurance Act, which became effective in 1986. Ch. 86-160, § 56, at 752, Laws of Fla. A stated legislative purpose of the Act was that damage awards "be subject to close scrutiny by the courts and that all such awards be adequate and not excessive." § 768.74(3), Fla. Stat. (2001). The itemized verdict form required by the statute "serves the beneficial purpose of allowing the court to scrutinize each item of damages in light of the evidence actually presented in support of that item." Dyes v. Spick, 606 So.2d 700, 703 (Fla. 1st DCA 1992). Section 768.74(5), Florida Statutes (2001) sets out five criteria to be applied by the court in determining the adequacy of a verdict. "[S]pecial verdicts facilitate appellate review, and `may promote judicial economy by limiting the issues in a possible retrial.'" ITT Hartford Ins. Co. of the Southeast v. Owens, 816 So.2d 572, 578 (Fla.2002) (quoting David A. Lombardero, Do Special Verdicts Improve the Structure of Jury Decision Making?, 36 Jurimetrics J. 275, 278 (1996)).
In 1999, section 768.77 was "amended to require itemization of only economic losses, noneconomic losses and punitive damages." Standard Jury Instructions-Civil Cases (Nos. 01-01 & 01-02), 825 So.2d 277, 285 cmt. on 6.2g & h (Fla.2002). This amendment did not change the statutory requirement for itemization; it only reduced the number of things that must be itemized.
The itemized verdict required by section 768.77 "is mandatory when requested by a party." Kriston v. Webster, 688 So.2d 346, 347 (Fla. 5th DCA 1997); Perry v. Allen, 720 So.2d 614, 617 (Fla. 1st DCA 1998). We cannot apply the harmless error rule because the use of the *1244 general verdict form precludes the scrutiny of the monetary award that is the goal of the statute.
The case is reversed and remanded for a new trial on damages.
KLEIN and SHAHOOD, JJ., concur.
NOTES
[1] "Except as otherwise specifically provided," Part II of Chapter 768, Florida Statutes (2001) "applies to any action for damages, whether in tort or contract" when the cause of action arose on or after July 1, 1986. § 768.71(1) & (2), Fla. Stat. (2001).