521 So.2d 280 (1988)
Lawrence BUTTE and Phyllis Butte, Appellants,
v.
Vicki L. HUGHES and Phillip R. Hughes, Appellees.
No. 87-1247.
District Court of Appeal of Florida, Second District.
March 4, 1988.
*281 Marcus A. Castillo and James A. Helinger, Jr., Clearwater, for appellants.
Steven A. Strickland of Walkley, Stuart & Macy, P.A., Tampa, for appellees.
RYDER, Acting Chief Judge.
On December 20, 1982, appellant, Lawrence Butte, was involved in an automobile accident with appellee, Vicki Hughes. Appellant and his wife, Phyllis Butte, brought a negligence action against appellee seeking damages including loss of consortium.
At trial, five different physicians presented their findings and prognosis regarding Mr. Butte's injury. Four found permanent injury causally related to the accident. The fifth found the injuries were related to a preexisting condition which may have been aggravated by the accident with appellee. Through the physicians' testimony, the jury learned that Mr. Butte had sustained injuries from a series of slip and fall accidents prior to his automobile accident with appellee. The jury also viewed a video surveillance film of Mr. Butte engaged in various physical activities in his occupation as a paving contractor.
The jury found that Mr. Butte sustained a permanent injury as a result of the accident and returned a $9,000.00 verdict for future medical expenses. The jury returned a zero verdict on appellants' pain and suffering and loss of consortium claims.
Appellants filed a motion for new trial and for additur. The trial court denied appellants' motion. This appeal is from the denial of their motion. Appellants raise two points on appeal.
First, appellants contend that the trial court erred in denying their motion for a new trial and additur where the verdict was clearly inadequate and inconsistent in its failure to award general damages. "The test to be applied in determining the adequacy of a verdict is whether a jury of reasonable men could have returned that verdict." Griffis v. Hill, 230 So.2d 143, 145 (Fla. 1970). "A verdict for grossly inadequate damages stands on the same ground as a verdict for excessive damages, a new trial may be as readily granted in one case as the other." Pickel v. Rosen, 214 So.2d 730, 731 (Fla. 3d DCA 1968).
In the instant case, the jury found that Mr. Butte suffered a permanent injury as a result of the accident. The jury compensated him for future medical expenses associated with that injury. The jury, however, returned a zero verdict for appellant's general damages. The jury's zero verdict for general damages was grossly inadequate and totally inconsistent with its finding of permanent injury and with its award of future medical expenses. Accordingly, we reverse and remand for a new trial limited to the amount of general damages.
Appellants' second point on appeal is that the trial court erred in denying their motion for new trial and additur on the loss of consortium claim. "When a jury finds, as in the instant case, that a husband has *282 sustained injuries due to the negligence of a third party, the wife must present competent testimony concerning the impact which the accident had on the marital relationship and, more specifically, evidence concerning her loss of consortium." Albritton v. State Farm Mutual Automobile Insurance Company, 382 So.2d 1267, 1268 (Fla. 2d DCA 1980).
In the instant case, Mrs. Butte presented unrebutted testimony of the substantial impact the accident had upon her marital life. She testified that since the accident she and her husband no longer went dancing, fishing, and so on. As noted above, appellee failed to rebut this testimony and, in fact, on cross-examination, appellee's questions related solely to one of Mr. Butte's prior injuries. Accordingly, we also reverse the trial court's denial of appellants' motion for new trial on the loss of consortium claim.
Thus, we affirm the jury's finding of permanent injury and award of future medical expenses and reverse the jury's zero verdicts on appellants' general damages and loss of consortium claims. We remand this case to the trial court for a new trial on the appellants' general damages and loss of consortium claims.
Affirmed in part; reversed in part and remanded for proceedings consistent with this opinion.
SCHOONOVER and FRANK, JJ., concur.