FRANK, RICHARD H., Associate Judge.
Sears, Roebuck and Company has appealed from the trial court’s determination to grant Caroline Genovese’s motion for new trial limited to the single question of her non-economic damages assessed by the jury at zero. There is no liability contention before us. Based upon our consideration of this matter and a review of the record, we reverse and remand for the retrial of all damages with the exception of Caroline’s husband’s award of lost consortium damages.
At the moment when Caroline passed into the entryway of a Sears’ store she was struck on the side of her head by a sliding glass door set in motion on its track by a Sears’ employee. It appears the impact injured her left temporomandibular joint for which she received extensive medical and dental treatment, including surgery. The record discloses that she has seen or been treated by a number of physicians and dentists because of ongoing discomfort and pain. The verdict rendered by the jury awarded the same amount for future special damages as was awarded for those damages reduced to present value. The trial court directed the jury to revisit its verdict informing it that any aspect of the verdict could be modified if it so chose. Before the jury retired for the second time, the trial court, at a bench conference, advised counsel that the jury had awarded zero non-economic damages. The second verdict awarded $46,903.80 for past medical expenses and $75,000 for future medical expenses and lost earning capacity. The future damages, confined to a ten year period, were reduced to a present value of $45,000, and the loss of consortium was compensated at $5,000. The revisited verdict adhered to a zero award for non-economic damages. In response to the trial court’s inquiry, counsel announced they had no objections to the verdict. Upon discharge of the jury, the trial court informed counsel of the amounts specified in the first verdict, i.e., the future economic damages, reduced to present value, $50,-000, and the consortium damage at zero. The Genoveses sought a new trial on damages only, challenging the zero award for pain and suffering. The trial court granted the Genoveses’ motion restricting the new trial to Caroline’s non-economic damages.
We have considered each of the issues urged by Sears in seeking reversal of the trial court’s grant of a partial new trial. It is our judgment that the trial court did not abuse its discretion in the light of substantial competent evidence disclosing that Caroline has endured and will continue to experience pain and suffering. Sears’ assertion that the trial court erred in ordering a partial new trial because of the Ge-noveses’ failure to object to the verdict prior to discharge of the jury is not persuasive. The contention does not require comment beyond the observation that Sears confuses an inconsistent verdict with an inadequate verdict. Massey v. *468 Netschke, 504 So.2d 1376 (Fla. 4th DCA 1987). We agree with Sears’ view, however, that the trial court was in error in limiting the new trial to non-economic damages.
It is generally recognized that:
Where, as here, a jury finds liability and awards only the amount of the medical expenses incurred, despite evidence of pain and suffering and uncontradicted testimony as to the need for future medical expenses, the award is considered to be inadequate.
Thornburg v. Pursell, 446 So.2d 713 (Fla. 2d DCA 1984).
The trial court was eminently correct in recognizing the inadequacy of the verdict. In confining a new trial to Caroline’s non-economic damages, however, the court overlooked the likelihood that the jury was confused in its overall assessment of her damage claim. Apart from the fact that her evidence of pain and suffering was essentially uncontroverted, the jury’s second verdict did nothing more than decrease the award of future economic damages by $5,000, the amount ultimately awarded to her husband for his loss of consortium. Moreover, and perhaps most compelling in determining that a new trial should encompass all aspects of the claimed damages, is the irreconcilable fact that the jury awarded Caroline future medical expenses without apparent consideration of attendant pain and suffering. Butte v. Hughes, 521 So.2d 280 (Fla. 2d DCA 1988). Finally, Sears and the Genoveses have informed us that if we disagree with the trial court’s grant of a partial new trial, a new trial on all elements of damage is acceptable.
Accordingly, based upon the foregoing, we reverse the trial court’s order and remand for the conduct of a new trial consistent with this opinion.
ANSTEAD and GUNTHER, JJ., concur.