585 So.2d 395 (1991)
Arnold SMITH, Appellant,
v.
William Raymond TURNER, Appellee.
No. 90-160.
District Court of Appeal of Florida, Fifth District.
August 22, 1991.
Keith C. Warnock of Wickersham & Carr, Daytona Beach, for appellant.
Frederick C. Morello of Smalbein, Johnson, Rosier, Bussey, Rooney & Ebbets, P.A., Daytona Beach, for appellee.

ON MOTION FOR REHEARING
PETERSON, Judge.
William Raymond Turner's motion for rehearing is granted, and we substitute the following opinion for an earlier version.
Arnold Smith, plaintiff below, appeals the trial court's denial of his motion for new trial and additur after a jury trial on the issue of damages only; Turner had previously admitted liability. We reverse and remand for a new trial.
Smith was injured when William Turner ran his vehicle into the rear of the vehicle in which Smith was a passenger. Although Smith had experienced back pain from an earlier work-related accident and was involved in another auto accident about six weeks after the accident with Turner, the jury returned a verdict specifically finding that, as a result of Turner's negligence, Smith had sustained a permanent injury. The evidence presented during trial indicates *396 that the injury may have been a herniated disc. The problem that arises for consideration on this appeal is that, while an award was made for past medical damages, the jury made no award for pain and suffering. Both parties to this appeal agree that a finding of a permanent injury would have been inconsistent with a zero-damages verdict under Hartsfield v. Orlando Regional Medical Center, Inc., 522 So.2d 66 (Fla. 5th DCA 1988), but they disagree on whether a new trial on damages is necessary where one type of damages was awarded but other damages were denied.
It is uncontroverted that Smith had endured pain and suffering as a result of a herniated disc. The defendant's expert medical witness admitted that consideration should be given to removal of the disc, and Smith's expert testified that a permanent impairment of twelve percent of the body as a whole had resulted from the accident. The only testimony detrimental to an award of damages, but a credit to Smith, was that Smith, a bodybuilding enthusiast, appeared before the jury as an extremely well-built, dark-tanned, young man and that, after being told by his physician of the herniated disc, he had obtained employment as a Volusia County lifeguard by passing a rigorous physical test.
This court has previously considered the absence of an award by a jury for pain and suffering in the face of evidence of its existence and has remanded for a new trial on the issue of damages only. Ledbetter v. Todd, 418 So.2d 1116 (Fla. 5th DCA 1982); Anderson v. Chirogianis, 384 So.2d 1289 (Fla. 5th DCA 1980), writ discharged, 401 So.2d 1322 (Fla. 1981). We remand for a new trial on all issues presented to the jury in the first trial.
REVERSED and REMANDED.
W. SHARP and GRIFFIN, JJ., concur.