GRIFFIN, Judge.
Appellant, Allstate Insurance Company [“Allstate”], appeals the order of the lower *613 court granting a new trial to appellee, Carrie Daugherty [“Daugherty”], to determine the amount of damages she suffered in an automobile accident. Allstate is Daugherty’s uninsured motorist carrier.
The lower court granted the motion for new trial for two stated reasons: (1) that the verdict was inadequate as a matter of law and (2) that the verdict was legally inconsistent with the proofs. No facts or other explanation was given and since the only issue tried was damages, the two reasons framed by the trial court appear to us to be essentially the same.[1]
We have reviewed the record and cannot sustain the trial court’s decision. Virtually all aspects of Daugherty’s injuries and resulting damages were controverted at trial. Indeed, Daugherty contends that there was such a volume of testimony that the jury was either confused by it or was unwilling to undertake the time and effort necessary to sort it out. The number of experts for each side was relatively even, with five on one side and six on the other. Even though the trial court may have found some of the evidence more relevant and some of the witnesses more credible than others, the jury evidently chose to weigh the evidence differently. Because the lower court failed to specify the basis for its conclusion that the verdict was inadequate and inconsistent, because our review of the record does not suggest that the verdict is against the manifest weight of the evidence or was influenced by considerations outside the record, and because the record will support the jury’s verdict, we are bound to conclude that the lower court substituted its view of the evidence for that of the jury. Thus, the lower court abused its discretion in ordering the new trial. Fitzgerald v. Molle-Teeters, 520 So.2d 645 (Fla. 2d DCA), review denied, 529 So.2d 694 (Fla.1988). Accordingly, we reverse and remand for entry of a judgment in accordance with the verdict.[2]
REVERSED and REMANDED.
COBB and GOSHORN, JJ., concur.

. On appeal, Allstate contends that "inconsistency” is waived unless brought to the court's attention prior to the discharge of the jury. Although it is true that the jury failed to award Daugherty damages for future medical expenses and future pain and suffering even though the jury found that Daugherty had suffered a permanent injury as a result of the accident, the lower court found no internal inconsistency in the verdict, only an inconsistency with the proofs. An internal inconsistency would have to be raised prior to the jury's discharge.

. We recognize the rule in Prime Motor Inns v. Waltman, 480 So.2d 88 (Fla.1985) that failure of the lower court to state grounds for granting a new trial requires remand for the statement of specific reasons. In this case, however, reasons were given, although in conclusory rather than factual form. Given this record, we can see no purpose in a remand for further specificity. Cf. Lindenfield v. Dorazio by Dorazio, 606 So.2d 1255 (Fla. 4th DCA 1992).