655 So.2d 106 (1995)
Jack E. KIRKLAND and Wife Ramona Kirkland, Appellants,
v.
ALLSTATE INSURANCE COMPANY, Appellee.
No. 93-3605.
District Court of Appeal of Florida, First District.
January 19, 1995.
*107 Edmund D. Quintana and David M. Noll of Burke & Blue, P.A., Panama City, for appellants.
Marcia Davis and W. Gerald Hamm of Barron, Redding, Hughes, Fite, Bassett & Fensom, P.A., Panama City, for appellee.
ZEHMER, Chief Judge.
Jack and Ramona Kirkland appeal an amended final judgment entered in their suit against Allstate Insurance Company under the uninsured motorist coverage of their automobile insurance policy. The complaint sought recovery of damages as a result of injuries Mr. Kirkland sustained in an accident with an uninsured automobile. During trial the court entered a directed verdict for Mr. Kirkland on the issue of permanent injury, and a directed verdict for Allstate on Mr. Kirkland's claim for future medical expenses. The jury verdict awarded Mr. Kirkland $10,000 on his claim for past lost earnings, $0 for his future lost earnings, $14,859.10 for his past medical expenses, $5,000 for his past pain and suffering, $0 for his future pain and suffering, and $0 on Mrs. Kirkland's claim for past and future loss of consortium. The court denied the Kirklands' motion for new trial on Mr. Kirkland's claim for future noneconomic damages and Mrs. Kirkland's claim for past and future loss of consortium. The court granted Allstate's post-trial motion pursuant to section 768.76, Florida Statutes (1993), and reduced the damage award for past medical expenses to $0 based on collateral source payments made to the Kirklands by Allstate under the PIP and medical pay coverages of their policy. The court entered an amended final judgment consistent with these rulings. The Kirklands raise six issues on appeal, several of which require reversal and remand for further proceedings.
*108 First, the Kirklands contend that the trial court abused its discretion in denying their motion for new trial challenging the validity of the zero verdict on Mr. Kirkland's claim for future noneconomic damages and Mrs. Kirkland's claims for past and future loss of consortium on the ground that the Kirklands failed to timely object to the verdict prior to the discharge of the jury. The court erred in so ruling because the Kirklands' motion was based on the inadequacy of the damage award in the verdict, not on the inconsistency of the verdict. The law does not require an objection to be made when the verdict is received before the jury is discharged for a party to challenge the adequacy of the damage award in a motion for new trial. See Cowen v. Thornton, 621 So.2d 684, 687 (Fla. 2d DCA 1993) ("The proper method to challenge an inadequate verdict is to file a motion for new trial."); accord Cowart v. Kendall United Methodist Church, 476 So.2d 289 (Fla. 3d DCA 1985). The cases cited by Allstate involve the requirement to object to inconsistent verdicts before the jury is discharged and are inapplicable to this situation.
Mr. Kirkland also argues that the trial court erred in denying the motion for new trial challenging the zero verdict for future noneconomic damages because the undisputed evidence demonstrates that the verdict on that claim was inadequate as a matter of law, and we agree. The medical evidence shows that Mr. Kirkland reached maximum medical improvement from his injury on July 11, 1991, with a 4% impairment and restrictions against frequent bending, stooping, and carrying objects weighing more than 20 pounds. The medical evidence also establishes without dispute that Mr. Kirkland's condition makes him more prone than the average person to back injury and that any type of strenuous activity may exacerbate his symptoms. Under the law, Mr. Kirkland was at least entitled to an award of nominal damages in light of Allstate's concession that Mr. Kirkland suffered a permanent injury as a result of the accident. See Jenkins v. West, 463 So.2d 581 (Fla. 1st DCA 1985) (judgment based on zero verdict reversed and cause remanded for new trial on damages, including loss of consortium, where the plaintiff offered competent, substantial undisputed evidence of loss of consortium and the defendant conceded liability showing an entitlement to at least nominal damages).
The trial court also erred in denying the motion for new trial on grounds of inadequacy of the verdict on Mrs. Kirkland's damage claim for past and future loss of consortium. It was undisputed that immediately after the accident Mr. Kirkland was hospitalized for a three-day period for treatment of injuries related to the accident, during which time Mrs. Kirkland lost his services and companionship. There also was unrefuted evidence supporting the claim for future loss of consortium, including medical testimony that Mr. Kirkland's symptoms probably would be exacerbated by any strenuous activity, and testimony that at times Mr. Kirkland has difficulty sleeping at night and participating in some family activities. At least nominal damages should have been returned on the claim for loss of consortium. See Christopher v. Bonifay, 577 So.2d 617 (Fla. 1st DCA 1991) (judgment based on a zero verdict on husband's claim for loss of consortium reversed and cause remanded for new trial on damages associated with that claim where there was substantial undisputed evidence that the wife was hospitalized for one week to undergo surgery for injuries sustained in the automobile accident, so the husband, at the very minimum, lost his wife's services during the hospital stay and the time immediately after her discharge while she was convalescing).
Mr. Kirkland next contends that the trial court erred in granting Allstate's motion for directed verdict on his claim for future medical expenses. Our review of the record fails to reveal sufficient evidence of the probable nature and cost of future medical expenses to warrant submitting that issue to the jury.
Finally, we agree with Mr. Kirkland's contention that the trial court erred in granting Allstate's post-trial motion, made pursuant to section 768.76, Florida Statutes, and reducing the jury's damage award in the amount of $14,859.10 collateral source payments made by Allstate for medical bills under the Kirklands' PIP and Med pay coverages. Section 768.76 is found in part II of *109 chapter 768 and is a general provision that authorizes the court to reduce the jury's damage award by the total amounts of collateral source payments for benefit of the claimant.[1] Section 768.71 defines the circumstances in which part II of chapter 768 applies, but specifically states in subparagraph 768.71(3) that, "If a provision of this part is in conflict with any other provision of the Florida Statutes, such other provision shall apply." As this case involves personal injuries arising out of the operation of a motor vehicle, any offset for collateral source payments is governed by the more specific provision in section 627.7372. That section requires that evidence proving the total amount of collateral source payments be presented to the jury during trial and that the jury be instructed to deduct from its verdict the value of all benefits received by the claimant from any collateral source. See White v. Westlund, 624 So.2d 1148 (Fla. 4th DCA 1993), rev. dismissed, 640 So.2d 1109 (Fla. 1994). Allstate neither pleaded an entitlement to an offset under section 627.7372 nor made any attempt to submit required evidence at trial for the jury to consider on this issue. Because section 627.7372, not section 768.76, governs in this case, we must reverse the trial court's ruling that allowed the offset.
For the foregoing reasons, we affirm the directed verdict on Mr. Kirkland's claim for future medical expenses; reverse the offset for collateral source payments allowed under section 768.76; and reverse the judgment award for Mr. Kirkland's claim for noneconomic damages and Mrs. Kirkland's claims for past and future loss of consortium. We remand this cause for a new trial on only the issues of Mr. Kirkland's noneconomic damages and Mrs. Kirkland's loss of consortium.
AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.
KAHN and VAN NORTWICK, JJ., concur.
NOTES
[1] Section 768.76(1), Florida Statutes (1993) states:

In any action to which this part applies in which liability is admitted or is determined by the trier of fact and in which damages are awarded to compensate the claimant for losses sustained, the court shall reduce the amount of such award by the total of all amounts which have been paid for the benefit of the claimant, or which are otherwise available to him, from all collateral sources; however, there shall be no reduction for collateral sources for which a subrogation or reimbursement right exists. Such reduction shall be offset to the extent of any amount which has been paid, contributed, or forfeited by, or on behalf of, the claimant or members of his immediate family to secure his right to any collateral source benefit which he is receiving as a result of his injury.
Collateral sources are defined in subparagraph (2)(a) to include "automobile accident insurance that provides health benefits or income disability coverage."