FARMER, Judge.
Plaintiff suffered three broken ribs, a broken clavicle, facial lacerations and scarring, a severed ligament in her finger, and other injuries in an automobile collision. Three physicians and her medical records verified the existence of these injuries. She testified as to her pain and showed her facial scars to the jury. The jury found the defendant liable and awarded plaintiff her medical expenses but declined to award anything for pain and suffering. The trial court denied a new trial on damages. We reverse.
As we did in Daigneault v. Gache, 624 So.2d 818 (Fla. 4th DCA 1993), rev. denied, 634 So.2d 623 (Fla.1994), and Watson v. Builders Square Inc., 563 So.2d 721 (Fla. 4th DCA 1990), we conclude that the denial of any damages for pain and suffering, despite uncontradicted evidence of pain and the award of all of her medical expenses, resulted in an inadequate verdict as a matter of law. Defendant does not dispute these facts or, indeed, that our holdings in Daigneault and Watson otherwise control.
Instead, defendant argues that plaintiff invited the error by objecting to placing on the verdict form the name of the driver, plaintiffs husband, of the automobile in which plaintiff was riding when the collision occurred. At the time of trial, plaintiff and the trial judge relied on the third district’s decision in Fabre v. Marin, 597 So.2d 883 (Fla. 3d DCA 1992). As it happens, Fabre was later reversed by the supreme court in Fabre v. Marin, 623 So.2d 1182 (Fla.1993). Because it was perfectly proper at that time for the plaintiff and the trial court to rely on the third district decision in Fabre, we do not agree that it could be invited error. We do agree, however, in light *1248 of the supreme court decision that it was error not to place the driver on the verdict form.
REVERSED FOR NEW TRIAL ON DAMAGES AND APPORTIONMENT OF LIABILITY.
GUNTHER, C.J., and POLEN, J., concur.