662 So.2d 959 (1995)
Lois M. SIMPSON and Alpheus R. Simpson, her husband, Appellants,
v.
Julita STONE, Appellee.
No. 94-184.
District Court of Appeal of Florida, Fifth District.
August 25, 1995.
Rehearing Denied November 16, 1995.
*960 Steven M. Meyers of Meyers, Mooney, Meyers & Bailey, Orlando, for appellants.
Barbara J. Lorence of Maguire, Voorhis & Wells, P.A., and Angelina M. Robinson, Orlando, for appellee.
PETERSON, Chief Judge.
Lois Simpson and Alpheus R. Simpson, her husband, appeal the denial of their post trial motion for a new trial because, although the jury found that Lois suffered a permanent injury, it failed to award her any non-economic damages and likewise awarded no damages on Alpheus Simpson's claim for loss of consortium. The jury found the present value of future medical expenses to be incurred by Lois to be $5400. The jury also found Lois to be entitled to no damages for pain and suffering. The Simpsons allege that the jury's verdicts were inadequate and that this is an issue properly raised by a motion for new trial. The appellee, Julita Stone, argues that the verdict was inconsistent, that the Simpsons should have raised the issue before the jury was discharged, and that the Simpsons waived the inconsistency by failing to do so. Alternatively, Stone asserts that, even if waiver does not apply, the verdicts should be affirmed because the jury made a reasonable decision from the evidence presented to them for consideration.
In Butte v. Hughes, 521 So.2d 280 (Fla. 2d DCA 1988), the jury found that the plaintiff sustained a permanent injury and returned a verdict for future medical expenses, but awarded nothing for general damages. The court reversed and remanded for a new trial because "[t]he jury's zero verdict for general damages was grossly inadequate and totally inconsistent with its finding of permanent injury and with its award of future medical expenses." Id. at 281 (emphasis added). In Smith v. Turner, 585 So.2d 395 (Fla. 5th DCA 1991), rev. denied, 595 So.2d 559 (Fla. 1992), this court considered a verdict similar to Butte and the instant case in that the jury found the plaintiff sustained a permanent injury, made an award for past medical damages, but awarded *961 zero for pain and suffering. In remanding for a new trial on damages in Smith, we noted that it was uncontroverted that Smith, the plaintiff, had endured pain and suffering and that both parties agreed "a finding of a permanent injury would have been inconsistent with a zero damages verdict under Hartsfield v. Orlando Regional Medical Center, Inc., 522 So.2d 66 (Fla. 5th DCA 1988)." No mention was made in Butte or Smith about the significance of the word inconsistent and the requirement of bringing an inconsistent verdict to the attention of the court before a jury is discharged. We suspect that in Butte the issue was never raised, and we can attest to the lack of argument on the issue in Smith.
In his concurring opinion in Cowen v. Thornton, 621 So.2d 684 (Fla. 2d DCA 1993), rev. denied, 634 So.2d 629 (Fla. 1994), a case where a jury found a defendant was partly responsible for the plaintiff's damages but nevertheless rendered a zero verdict, Judge Altenbernd wrote:
It has long been the general rule that a party is obligated to object to an inconsistent verdict prior to discharge of the jury, but may challenge an inadequate verdict by post trial motion. Nix v. Summitt, 52 So.2d 419 (Fla. 1951); Higbee v. Dorigo, 66 So.2d 684 (Fla. 1953); Cowart v. Kendall United Methodist Church, 476 So.2d 289 (Fla. 3d DCA 1985). In the past, the typical general verdict form stated: "We find for the plaintiff and assess damages at $ ____." When the jury awarded zero damages on such a verdict form, the result was not patently inconsistent. In such circumstances, it was not illogical to permit a posttrial challenge to the substance of a verdict in the absence of a prior challenge to the verdict's procedural accuracy.
Since the enactment of section 768.77, Florida Statutes (1991), most tort cases are now submitted to the jury with an interrogatory verdict form that usually causes a zero verdict to be both inconsistent and inadequate. I am inclined to believe that a party who wishes to appeal such an erroneous verdict should be required to preserve the error by an objection prior to discharge of the jury.
In light of the existing case law, however, plaintiff's trial counsel had no reason to believe a timely objection was necessary to challenge the inadequate verdict posttrial. Especially when neither the trial judge nor defense counsel raised this problem before the jury was discharged, I do not believe it would be appropriate in this case to require the plaintiff to have objected to the verdict prior to discharge of the jury.
621 So.2d at 688.
The preliminary question in the instant case is whether the zero verdicts on Lois Simpson's claim for non-economic damages and on Alpheus Simpson's claim for loss of consortium were necessarily incorrect and inconsistent verdicts requiring a contemporaneous objection in order to preserve the issues for appeal.
As to Alpheus Simpson's derivative claim, we agree with the conclusion reached by Judge Schwartz in Cowart v. Kendall United Methodist Church, 476 So.2d 289, 290 (Fla. 3d DCA 1985) that:
a contemporaneous objection to a zero verdict in a derivative personal injury claim, even though accompanied by a money award in the nonderivative one, is not required to preserve the claim that the award of no damages is inadequate or contrary to the weight of the evidence.
The zero verdict for Alpheus was not inconsistent. Additionally, the jury could and did reasonably conclude from the evidence that while Lois Simpson would incur some future medical expenses, no loss of consortium was suffered by Alpheus Simpson. Accordingly, the verdict as to Alpheus is affirmed.
As to the jury's denial of non-economic damages for Lois Simpson, we conclude that, while the threshold finding of a section 627.737 permanent injury coupled with a denial of any damages for pain and suffering indeed appears to be inconsistent,[1] the lack of clarity in the existing case law on this point, as noted by Judge Altenbernd, makes it inappropriate to find that Lois Simpson waived her right to challenge the verdict *962 posttrial on the basis of inadequacy. Moreover, we note that defendant Stone, as well as the trial court, could have sought to minimize the risk of another trial by raising this issue prior to the discharge of the jury. See Allstate Ins. Co. v. Daugherty, 638 So.2d 612, 613 n. 1 (Fla. 5th DCA 1994); Cowen, 621 So.2d at 688 (Altenbernd, J., concurring); Cowart v. Kendall United Methodist Church, 476 So.2d 289 (Fla. 3d DCA 1985). We accordingly reject Stone's claim that the Simpsons waived their right to contest the adequacy of the verdict posttrial.
The question remaining is whether a new trial for Lois should have been granted because reasonable men could not have rendered the verdict reached for Lois. Griffis v. Hill, 230 So.2d 143 (Fla. 1969).
Given the limited and contested evidence presented regarding Lois' expected future medical expenses,[2] it cannot be said that a jury of reasonable men and women could not have reached the instant verdict. Griffis. Accordingly, we also affirm the trial court's denial of Lois' request for a new trial.
AFFIRMED.
GRIFFIN, J., concurs.
HARRIS, J., concurs specially, with opinion.
HARRIS, Judge, concurring specially:
I concur in the majority opinion except that portion that defers the application of the inconsistent verdict in this cause to the general principle relating to inconsistent verdicts. We held in Keller Industries, Inc. v. Morgart, 412 So.2d 950, 951 (Fla. 5th DCA 1982):
While we agree with appellant that there was error regarding the inconsistent interrogatory verdicts, we cannot reverse the judgment. The fault [failure to timely raise inconsistent verdict] should not be laid upon the trial judge; rather it must be placed upon the ... trial attorney who led the court into error by approving, or failing to object to, the form of the verdict before it was submitted to the jury. Trial counsel also failed to bring the inconsistent verdicts to the attention of the trial court before the jury was discharged thus preventing the timely correction of the problem by the trial judge. For all we know, ... trial counsel intentionally, for tactical reasons, chose not to bring the problem to the court's attention.
First, even if the current law lacks certainty, clarification will not occur so long as courts, recognizing the problem, defer a definitive answer. Second, there should be no obligation on the court or on opposing counsel to raise the issue of inconsistent verdicts in order to preserve the issue for appeal.
NOTES
[1] Berez v. Treadway, 599 So.2d 1028 (Fla. 4th DCA 1992).
[2] While a chiropractor testified that Simpson would require chiropractic care for the rest of her life, Simpson presented no evidence of having sought or obtained treatment from January 1991 through the time of trial in October 1993.