681 So.2d 779 (1996)
ALLSTATE INSURANCE COMPANY, Appellant/Cross-Appellee,
v.
Myrda MANASSE, Appellee/Cross-Appellant.
No. 94-2318.
District Court of Appeal of Florida, Fourth District.
September 25, 1996.
Clarification Denied November 6, 1996.
Michele I. Nelson of Paxton, Crow, Bragg, Smith & Keyser, P.A., West Palm Beach, for appellant/cross-appellee.
*780 James P. Cooksey of Cooksey & Cooksey, P.A., West Palm Beach, for appellee/cross-appellant.
PARIENTE, Judge.
Appellee/cross-appellant, Myrda Manasse (plaintiff), appeals a verdict in which a jury found that she had sustained a permanent injury, awarded her past noneconomic damages and future medical expenses, but did not award any future noneconomic damages. We reverse because we find the jury verdict to be inadequate as a matter of law.[1]
Plaintiff was injured in an automobile accident with an underinsured tortfeasor and sued Allstate Insurance Company (Allstate), plaintiff's uninsured/underinsured motorist carrier, to recover her damages. While Allstate did not contest liability, the issues of plaintiff's comparative negligence, permanent injury and damages were contested. In response to special interrogatories, the jury found that plaintiff was not comparatively negligent and that she had sustained a permanent injury within a reasonable degree of medical probability as a result of the automobile accident. See § 627.737(2)(b), Fla. Stat. (1993).
Plaintiff was eighteen at the time of this accident. According to plaintiff's expertsa board certified radiologist, a neurosurgeon, and a chiropractorthe automobile accident caused a large protruded or herniated disc. Plaintiff's experts testified that as the result of her injuries, she could no longer perform her previous activities, and if she did, her condition would only worsen. Her treating chiropractor was the only witness to testify for plaintiff as to the necessity of future medical care. He testified that he had recommended continuing conservative therapy that would be "palliative and supportive." The therapy would not cure her problems; it would only "provide temporary relief."
Allstate defended this case by asserting that plaintiff did not sustain a permanent injury and that any problems plaintiff might have been experiencing were the result of other factors, including plaintiff's excessive weight and a subsequent automobile accident. Allstate offered the testimony of two experts, one of whom specifically disputed that plaintiff had sustained a permanent injury or would need future chiropractic care.
The jury awarded plaintiff $10,000 as the present value of future medical expenses over a forty-year period. According to the trial court, this was the precise amount requested in closing argument for future "palliative[2] care." The jury also awarded plaintiff $2,000 for past pain and suffering, disability, physical impairment, disfigurement, mental anguish, inconvenience, aggravation of a disease or physical defect, and/or loss of capacity for the enjoyment of life (collectively, noneconomic damages). However, the jury did not award any future noneconomic damages.
In Mason v. District Board of Trustees, 644 So.2d 160 (Fla. 4th DCA 1994), a jury awarded the plaintiff all of his medical expenses, but awarded zero damages for past pain and suffering. In reversing this aspect of the award as inadequate as a matter of law, we stated that:
Although the jury in the instant case was free to disbelieve appellant's claim of pain and suffering and the testimony of his treating physician and chiropractor, it could not have done so and at the same time found all of appellant's medical bills were reasonable and necessary for the treatment of such pain.
Id. at 161. Our court concluded that "the jury could not have logically awarded damages for treatment and at the same time not have awarded damages for the pain requiring the treatments." Id.
In Mason, we focused on the issue of past pain and suffering because the jury in that case had not made a finding of permanency. *781 A case more factually similar to this case is Butte v. Hughes, 521 So.2d 280 (Fla. 2d DCA 1988). In Butte, the jury found that the plaintiff had sustained a permanent injury as a result of an accident and returned a $9,000 verdict for future medical expenses. However, the jury returned a zero verdict on plaintiff's pain and suffering and loss of consortium claims. In reversing and remanding for a new trial, the second district found that "[t]he jury's zero verdict for general damages was grossly inadequate and totally inconsistent with its finding of permanent injury and with its award of future medical expenses." Id. at 281; see also Kirkland v. Allstate Ins. Co., 655 So.2d 106 (Fla. 1st DCA 1995). But see Simpson v. Stone, 662 So.2d 959 (Fla. 5th DCA 1995).
In this case, the jury could have disbelieved that plaintiff sustained a permanent injury or disbelieved that she required future treatment of her medical condition. But having found that plaintiff suffered past pain and suffering, and having further found that plaintiff sustained a permanent injury from the accident requiring $10,000 in future medical expenses over a forty-year time span, it is not logical or reasonable for the jury to have concluded that there would be zero future intangible damages associated with the permanent injury and future medical care. See Daigneault v. Gache, 624 So.2d 818 (Fla. 4th DCA 1993), review denied, 634 So.2d 623 (Fla.1994).
Even if the jury disbelieved plaintiff's complaints of continuing pain, there would be some amount of future noneconomic damages flowing as a result of plaintiff's permanent injury and future medical care. Noneconomic damages encompass not only pain and suffering but a host of other intangibles, such as mental anguish, inconvenience, disability and physical impairment.
Although a permanent injury may take many shapes and forms, the significance of a jury's finding of permanent injury means that the jury believed, based on the greater weight of medical and other evidence, that the individual will suffer some effect from the injurywhether it be pain and suffering or mental anguishfor the rest of his or her life. By comparison, an anatomical change from an accident without the prospect of continuing problems would not constitute a permanent injury. Once a jury makes the legally significant determination that an injured person sustained a permanent injury within reasonable medical probability, the jury should award some amount of money for intangible damageseven if only a relatively nominal amount. See Kirkland.
Prior to Auto-Owners Insurance Co. v. Tompkins, 651 So.2d 89 (Fla.1995), an award of both future economic and future noneconomic damages required a threshold finding of permanent injury. In Tompkins, our supreme court held that a plaintiff must only establish that the future economic damages are "reasonably certain to occur." Id. at 90. While proving a permanent injury is a "significant factor in establishing the reasonable certainty" of future economic damages, it is not a prerequisite. Id. at 91.
In the aftermath of Tompkins, a finding of permanent injury is the threshold finding only for an award of noneconomic damages. What has never been explicitly addressed by any court is whether, once the jury finds that the plaintiff has suffered a permanent injury within reasonable medical probability, the jury has discretion to refuse to award any money for noneconomic damages?
Judge Klein asserts that a finding of permanent injury combined with an award of future medical expenses does not mandate an award of future noneconomic damages. Simpson from the fifth district supports Judge Klein's position; Butte from the second district reaches an opposite conclusion.
Is the jury free to find that a permanent injury exists but disbelieve that the plaintiff will suffer any permanent effects from that injury? Does the jury have discretion when damages are hotly disputedto find both that a plaintiff has suffered a permanent injury and will require future medical expenses over a forty-year period, but refuse to award any amount of damages for future noneconomic damages? Our disagreement with the dissent may in part result from our different interpretations of the legal significance of a finding of a permanent injury.
*782 As it stands now, the jury is not instructed on a definition of permanent injury nor instructed that a finding of permanent injury requires some award of money for noneconomic damages.[3] Unlike the alternative thresholds to an award of noneconomic damagessignificant and permanent loss of an important bodily function or significant and permanent scarring or disfigurementpermanent injury is a broader concept with no specific medical definition. There is no statutory definition for permanent injury.
As Judge Zehmer stated in Morey v. Harper, 541 So.2d 1285, 1288 (Fla. 1st DCA), review denied, 551 So.2d 461 (Fla.1989), disapproved on other grounds, Weygant v. Fort Myers Lincoln Mercury, Inc., 640 So.2d 1092 (Fla.1994):
The statute does not, however, define what is meant by "permanent injury" and the jury was not instructed on any standard or criteria for determining whether a particular injury is or is not permanent. Therefore, even though the phrase "permanent injury" is not a word of art in the medical profession, nevertheless the determination of what constitutes a permanent injury must, as a practical matter, be left to physicians trained in that profession.
In any given case, because of the absence of a statutory definition or jury instruction, a permanent injury is essentially what the medical experts and lawyers tell the jury it is. ("We know it when we see it."). Comment 3 to Florida Standard Jury Instruction (Civil) 6.1 states: "Section 627.737(2), Florida Statutes (1991), does not define `permanent injury within a reasonable degree of medical probability'.... Therefore, the instructions do not attempt to define the terms and leave their explanation to the testimony of the experts and argument of counsel." See also Standard Jury InstructionsCivil Cases, 613 So.2d 1316, 1317 (Fla.1993) (citations omitted). The lack of a common definition may contribute to the varying views of the courts as to the legal significance of a permanent injury in light of the jury's other findings.
In Estate of Wallace v. Fisher, 567 So.2d 505 (Fla. 5th DCA 1990), the fifth district urged that the Standard Jury Instructions be amended to contain an instruction on the no-fault threshold issue of permanent injury. "[A]n appropriate form of standard jury instruction would not only be helpful to the bench and bar but could avoid unusual expensive litigation such as in this case." Id. at 509.
To date, there has been no such amendment. In City of Tampa v. Long, 638 So.2d 35, 38 (Fla.1994), our supreme court agreed that "subjective evidence of pain may properly be used to prove the existence and permanency of an injury provided that expert medical testimony is presented to establish its existence and permanency within a reasonable degree of medical probability." (Italics omitted). At the same time, our supreme court rejected a jury instruction that instructed the jury that "permanent injury within a reasonable degree of medical probability may include permanent subjective complaints of pain," id. at 36, because the instruction failed "to include, explain, or define other factors that bear on the existence or permanency" of the plaintiff's injury, id. at 39.
Our supreme court found that the jury instruction given by the trial court and approved by the new standard jury instruction constituted a "properly balanced instruction." Id. The standard jury instruction given by the trial court here stated:
In order to recover in the case, the plaintiff must prove by the greater weight of the evidence that she has sustained a permanent injury within reasonable medical probability.
While this instruction is certainly neutral, it does not attempt to define the term "permanent injury," leaving juries with little guidance from the trial court. We agree with Judge Klein that, as the jury instructions now stand, a jury receiving those instructions would not be disregarding the law by returning a verdict finding a permanent injury *783 and future medical expenses without awarding future noneconomic damages.
Because of the varying positions of the courts and the need for uniformity on this issue, we certify the following "threshold" question to our supreme court: does a finding of a permanent injury and an award of future medical expenses render a zero verdict for future intangible damages inadequate as a matter of law? If our supreme court agrees that a finding of permanent injury and future medical expenses necessarily require an award of future intangible damages, then, in our opinion, a jury instruction which explains this to the jury would avoid the unsatisfactory alternative of resubmitting the case to the jury or the inefficient and expensive alternative of retrying the case.
We also address several other recurring problems highlighted by this case. One is the problem presented where the jury's award of zero damages appears not only inadequate but logically inconsistent with other findings it has made on the special verdict form. This problem has arisen with increasing frequency in personal injury cases since special verdicts became mandatory.[4] Only with special verdicts does a court have the opportunity to scrutinize the verdict and discern logical inconsistencies in the jury's findings.
The increased judicial scrutiny of special interrogatories raises questions which also merit certification. Should a party be required to object to an inadequate verdict, which is based on the jury's answers to special interrogatories, prior to the discharge of the jury, as required for classic cases of inconsistent verdicts?
To preserve the issue of an inadequate verdict for appellate review, the law does not require that a party contemporaneously object and request resubmission of the special verdict to the jury. See Kirkland. The question is whether a different rule should apply where the claim of an inadequate verdict is also based on answers given by the jury to special interrogatories.
Our court has not previously required a plaintiff to object prior to the discharge of the jury. We have routinely reviewed cases without the requirement of a contemporaneous objection where a finding of inadequacy was based on answers to special interrogatories. See, e.g., Daigneault; Mason. We implicitly rejected a requirement in Berez v. Treadway, 599 So.2d 1028 (Fla. 4th DCA 1992). Yet we struggled with this issue in Hendelman v. Lion Country Safari, 609 So.2d 766 (Fla.App. 3d DCA 1992) (Dell, J., concurring and Anstead, J., dissenting), review dismissed, 618 So.2d 209 (Fla.1993).
The first and fifth districts have also addressed whether a contemporaneous objection should be required where a verdict is both inconsistent and inadequate, noting that this problem has arisen because of the increased use of special interrogatories in tort cases with the advent of special interrogatories. See Cowen v. Thornton, 621 So.2d 684, 688 (Fla. 2d DCA 1993), review denied, 634 So.2d 629 (Fla.1994); see also Simpson. But see Allstate Ins. Co. v. Daugherty, 638 So.2d 612, 613 (Fla. 5th DCA 1994) (distinguishing between internal inconsistencies in verdict and inconsistency with proof).
The second problem arising from the use of special interrogatories to itemize damages is the standard under which the court should review a jury verdict where there are alleged inconsistencies in the jury's findings on damages. In this case, we have applied no different standard or followed any different principles of appellate review other than those our court has followed in Mason and Daigneault.
Because the jury's finding of zero future noneconomic damages in this case was unreasonable *784 in light of its other findings of a permanent injury and substantial future medical expense, we find the jury verdict was inadequate as a matter of law. See Aymes v. Automobile Ins. Co., 658 So.2d 1246 (Fla. 4th DCA 1995); Mason; Daigneault. Accordingly, the judgment is reversed. This cause is remanded for a new trial on damages which shall include the issue of permanency and which shall not be limited to noneconomic damages. See Sears, Roebuck & Co. v. Genovese, 568 So.2d 466 (Fla. 4th DCA 1990), review denied, 581 So.2d 166 (Fla.1991).
We certify the following questions to our supreme court as being of great public importance:
WHERE A JURY FINDS THAT A PLAINTIFF HAS SUSTAINED A PERMANENT INJURY AND AWARDS FUTURE MEDICAL EXPENSES, BUT AWARDS NO FUTURE INTANGIBLE DAMAGES, IS THE VERDICT INADEQUATE AS A MATTER OF LAW?
IF SUCH A VERDICT REQUIRES A NEW TRIAL, MUST THE PLAINTIFF HAVE OBJECTED BEFORE THE DISCHARGE OF THE JURY?
MICHAEL A. GENDEN, Associate Judge, concurs.
KLEIN, J., dissents with opinion.
KLEIN, Judge, dissenting.
I disagree that a finding of permanent injury and an award of future medical expenses requires a jury to award future noneconomic damages. In my opinion, the question of whether plaintiff should be given a new trial because of this verdict was a discretionary call for the trial court, and should not be disturbed on appeal absent a "clear showing of abuse." Cloud v. Fallis, 110 So.2d 669, 673 (Fla.1959). I believe that a jury's refusal to award future noneconomic damages is different than a failure to award past noneconomic damages, and that distinguishes the cases relied on by the majority.
In Mason v. District Board of Trustees of Broward Community College, 644 So.2d 160 (Fla. 4th DCA 1994), the jury awarded the plaintiff all of his medical expenses, but nothing for either past or future noneconomic damages. We reversed, directing the trial court to grant an additur for past pain and suffering, but declined to do so for future pain and suffering, observing that "the nature of future damages is such that much discretion must be afforded to the finder of fact." Id. at 161.
As authority for distinguishing between a jury's failure to award past and future damages in Mason, we cited Dyes v. Spick, 606 So.2d 700 (Fla. 1st DCA 1992). In Dyes plaintiff had two lumbar disk operations, and defendant stipulated that his past medical expenses resulted from the accident. The jury awarded $11,500 for future medical expenses, $5,000 for past non-economic damages, and $11,000 for future noneconomic damages. The first district found that the award for past noneconomic damages was inadequate and required a new trial, but did not disturb the low award for future noneconomic damages, stating:
The nature of future damages is such that much discretion must be afforded to the finder of fact. While as to past damages we have a record that allows us to scrutinize very closely what has already happened, the same cannot be said as to future losses. Due to the somewhat speculative nature of what may occur in the future, it is perhaps not unwise to afford great latitude to the jury in its determinations as to these damages. The evidence in this regard in the instant case reflects the uncertainty of predicting future pain and suffering.
Dyes, at 704.
The majority relies on Butte v. Hughes, 521 So.2d 280 (Fla. 2d DCA 1988), describing it as "factually similar"; however, in that case the jury awarded nothing for past noneconomic damages. The majority has not cited a single case in which an appellate court ordered a new trial under the circumstances of this case, i.e., for the sole reason that the jury declined to award future noneconomic damages.
Future damages are, by nature, less certain than past damages. A jury knows for a fact that a plaintiff has incurred past medical expenses, and, when it finds those expenses *785 to have been caused by the accident, there is generally something wrong when it awards nothing for past pain and suffering. The need for future medical expenses is often in dispute, however, as it was here. It does not necessarily therefore follow, in my opinion, that an award of future medical expenses requires an award of noneconomic damages.
Our standard jury instructions do not require consistency in these verdicts. They allow a jury to return a verdict finding a permanent injury, but do not require an award of damages. Cases are thus having to be retried because juries are not being properly instructed. Nor are juries being given the opportunity to obviate the need for a new trial by the requirement of an objection to an inconsistent award. See Simpson v. Stone, 662 So.2d 959 (Fla. 5th DCA 1995) (Harris, J., concurring); Cowen v. Thornton, 621 So.2d 684 (Fla. 2d DCA 1993) (Altenbernd, J., concurring), rev. denied, 634 So.2d 629 (Fla.1994); Sweet Paper Sales Corp. v. Feldman, 603 So.2d 109 (Fla. 3d DCA 1992). I therefore agree with the majority's certification.
NOTES
[1] Because of our reversal for a new trial, we do not reach the issue raised by appellant/cross-appellee Allstate Insurance Company as to whether the trial court improperly failed to award attorney's fees pursuant to the offer of judgment statute, section 768.79, Florida Statutes (1993).
[2] "Palliative" is defined as "serving to relieve or alleviate, without curing." Taber's Cyclopedic Medical Dictionary 1030 (14th ed. 1981).
[3] The standard jury instruction states that "if the greater weight of the evidence does support the claim ... on the issue of permanency, then you should also consider the following elements." Fla. Std. Jury Instr. (Civ.) 6.1.
[4] The ability to scrutinize a verdict for either inadequacy or excessiveness based on the use of an itemized verdict was part of the stated legislative intent in enacting section 768.77, which mandates itemization of damage amounts broken down into categories. §§ 768.74(6), 768.77, Fla. Stat. (1993). Section 768.77 was part of the Tort Reform and Insurance Act, which became effective in 1986. Ch. 86-160, § 56, at 752, Laws of Fla. In fact, the legislative enactment states that "[i]t is the intention of the Legislature that awards of damages be subject to close scrutiny by the courts." § 768.74(3). From a review of the appellate cases decided subsequent to the enactment of section 768.77, it appears that the most frequent source of review is the zero damages award rendered by a jury for noneconomic damages.