DELL, Judge.
Sheldon Stein appeals from an order denying his motion for a new trial on damages. Cigna Insurance Co., Pacific Employer’s Insurance Co., and Insurance Co. of North America cross-appeal and argue that the trial court erred in denying their motion for a directed verdict. Appel-lees have failed to demonstrate reversible error in their cross-appeal. We reverse and remand for a new trial on damages.
Appellant filed suit, pursuant to his uninsured motorist coverage, to recover damages for injuries sustained in an automobile accident. After a seven day trial, the jury determined that the adverse driver, Della Apert, was seventy-five percent *463 negligent and charged appellant with twenty-five percent comparative negligence. The jury found that appellant sustained a permanent injury as a result of the accident and awarded $200,000.00 for past pain and suffering. The jury did not award appellant future damages nor damages for past economic losses.
Appellant contends the trial court erred when it denied his motion for a new trial on damages because the jury failed to award future damages after finding that he sustained a permanent injury and awarding him damages for past pain and suffering. He cites Allstate Ins. Co. v. Manasse, 681 So.2d 779 (Fla. 4th DCA 1996), rev. granted, 695 So.2d 698 (Fla. 1997), in support of his argument that the jury’s finding of a permanent injury mandates an award of future damages. In Manasse, this court held, “Because the jury’s finding of zero future noneconomic damages in this case was unreasonable in light of its other finding of a permanent injury and substantial future medical expenses, we find the jury verdict was inadequate as a matter of law.” Id. at 783-84.
Appellees argue that Manasse does not apply because the jury in this case did not award future medical expenses. In Ma-nasse, the majority reasoned:
In this case, the jury could have believed that plaintiff sustained a permanent injury or disbelieved that she required future treatment of her medical condition. But having found that plaintiff suffered past pain and suffering, and having further found that plaintiff sustained a permanent injury from the accident requiring $10,000 in future medical expenses over a forty-year time span, it is not logical or reasonable for the jury to have concluded that there would be zero future intangible damages associated with the permanent injury and future medical care. See Daigneault v. Gache, 624 So.2d 818 (Fla. 4th DCA 1993), review denied, 634 So.2d 623 (Fla.1994).
Manasse, 681 So.2d at 781.
In Daigneault, the jury awarded past medical expenses, but did not award damages for past pain and suffering nor future medical expenses. Daigneault, 624 So.2d at 819. This court concluded:
[A] jury verdict awarding to an injured person only the exact amount of the medical expenses incurred and nothing for pain and suffering is an inadequate verdict as a matter of law when there is uncontradicted evidence that the injured plaintiff suffered at least some pain from the injury.

Id.

In both Manasse and Daigneault, the award of medical expenses provided one of the elements supporting the conclusion that the juries’ failure to award some amount for noneconomic damages constituted inadequate verdicts. The Second District Court of Appeal reached the same result in Butte v. Hughes, 521 So.2d 280 (Fla. 2d DCA 1988). In Butte, the jury found that the plaintiff sustained a permanent injury and awarded future medical expenses. The district court held that a zero verdict for “general damages” was grossly inadequate and inconsistent with its finding of a permanent injury and an award of future medical expenses. In Kirkland v. Allstate Ins. Co., 655 So.2d 106 (Fla. 1st DCA 1995), the trial court granted Allstate’s motion for a directed verdict on Kirkland’s claim for future medical expenses, but conceded that Kirkland suffered a permanent injury as a result of the accident. The First District Court of Appeal concluded that “under the law, Mr. Kirkland was at least entitled to an award of nominal damages in light of Allstate’s concession.... ” Id. at 108.[1]
The majority in Manasse determined that a question should be certified to the supreme court:
*464 Because of the varying positions of the courts and the need for uniformity on this issue, we certify the following “threshold” question to our supreme court: does a finding of a permanent injury and an award of future medical expenses render a zero verdict for future intangible damages inadequate as a matter of law? If our supreme court agrees that a finding of permanent injury and future medical expenses necessarily require an award of future intangible damages, then, in our opinion, a jury instruction which explains this to the jury would avoid the unsatisfactory alternative of resubmitting the case to the jury or the inefficient and expensive alternative of retrying the case.
Manasse, 681 So.2d at 788. Manasse mandates a new trial on damages when the jury fads to award noneconomic damages after it finds that the plaintiff sustained a permanent injury and awards future medical expenses. However, Manasse does not preclude review of a jury’s failure to award future noneconomic damages where the jury finds that the plaintiff sustained a permanent injury, but does not award future medical expenses, see also Kirkland, 655 So.2d at 108.
Here, the record contains overwhelming evidence supporting the jury’s finding of a permanent injury. Numerous medical experts testified that appellant sustained a herniated cervical disc, a permanent injury to his temporal-mandibular joint, and permanent tinnitus. The record also contains testimony from medical experts concerning the manner in which appellant will be affected by his injuries in the future. It appears that the jury, in finding that appellant sustained a permanent injury as a result of this accident, rejected, at least in part, the expert medical testimony presented by appellee. In view of the medical testimony-which the jury apparently accepted, the award of $200,000.00 for past pain and suffering, and the finding of permanent injury, the jury’s failure to award at least nominal damages for future noneconomic losses constituted an inadequate verdict.
We reject appellees’ argument that appellant cannot challenge the verdict on appeal because he failed to timely object. Appellant was not required to object to an inadequate verdict before the discharge of the jury. See Manasse, 681 So.2d at 783; see also Simpson v. Stone, 662 So.2d 959, 961-62 (Fla. 5th DCA 1995).
On cross-appeal, appellees contend they were entitled to a directed verdict because appellant failed to prove the existence and/or amount of uninsured motorist coverage. At an early stage in the proceedings, the trial court denied appellees’ motion to dismiss for failure to state a cause of action because appellant did not attach copies of the insurance policies to his complaint. In support of their motion, appellees relied on Florida Rule of Civil Procedure 1.130, and Safeco Ins. Co. v. Ware, 401 So.2d 1129 (Fla. 4th DCA 1981). In Safeco, we reversed a default judgment in favor of the insured. The trial court concluded that Safeco’s motion to dismiss, based upon plaintiffs failure to attach a copy of the insurance policy to his complaint, constituted a frivolous motion. This court disagreed, concluding that the plaintiff was required to attach a copy of the policy to the complaint, especially where the insurer provided him with a certified copy of the policy. Id. at 1130-31. The procedural aspects of this case materially differ from those considered in Safeco.
After the trial court denied the motion to dismiss, appellees initiated discovery concerning the insurance policies. Although appellant contends that he complied with the discovery requests, the record before us does not disclose whether the insurance polices were ultimately produced. However, the record does disclose that appellees did not expressly deny liability on the grounds of a policy defense or assert that they did not insure appellant. They did not move for summary judgment *465 nor identify coverage as one of the issues for trial in their unilateral pretrial conference statement. Appellant also points out that at the commencement of this seven day trial, appellees, without raising the necessity of proof of coverage, consented to the settlement of appellant’s claim against the adverse driver conditioned upon the adverse driver remaining a party through the jury verdict. Based on appel-lee’s acquiescence in the trial going forward without raising coverage as an issue, we affirm the trial court’s denial of appel-lee’s motion for directed verdict.
Accordingly, we affirm the trial court’s denial of appellee’s motion for directed verdict. We reverse and remand this cause for a new trial on all elements. of damages.
AFFIRMED IN PART; REVERSED IN PART and REMANDED.
STONE, C.J., and STEVENSON, J., concur.

. Appellees furnished supplemental authority citing Valinzo v. Cem-Kam, Inc., 698 So.2d 359 (Fla. 4th DCA 1997). It does not apply to the facts of this case.