GODERICH, Judge.
The plaintiffs, Carla and Miguel Barbere-na, appeal from a final judgment and from several post-trial orders. We reverse, in part, and affirm, in part.
On June 19, 1992, Carla Barberena was involved in an automobile accident with another car. Carla Barberena and her husband, Miguel Barberena, brought a negligence action against the driver and the owner of the other car. The Barberenas sought damages for Carla Barberena’s personal injuries and for Miguel Barberena’s loss of consortium.
At trial, the defendants admitted liability, and the parties proceeded to a jury trial on the issues of causation, permanency of the *61 injury, and damages. The jury returned a verdict finding that Carla Barberena suffered a permanent injury as a result of the accident and awarded her $10,146 for past medical expenses, $10,000 for past pain and suffering, $0 for future medical expenses, and $0 for future pain and suffering. The jury awarded Miguel Barberena $0 for past and future loss of consortium.
The plaintiffs moved for an additur and/or a new trial on the basis that the jury’s award was inadequate as to Carla Barberena’s future medical expenses and future pain and suffering and as to Miguel Barberena’s past and future loss of consortium. In turn, the defendants filed a motion seeking a set-off for the amount of personal injury protection benefits paid, pursuant to section 768.76, Florida Statutes (1993).
After a hearing on the post-trial motions, the trial court granted the plaintiffs’ motion for additur and/or a new trial, in part, and awarded Miguel Barberena $2,000 for past and future loss of consortium. The trial court also granted the defendants’ motion for set-off in the amount of $10,000. Accordingly, the trial court entered a final judgment awarding Carla Barberena $10,146 and Miguel Barberena $2,000. The Barberenas’ appeal follows.
The plaintiffs contend that the trial court erred by granting the defendants’ motion for set-off, pursuant to section 768.76, Florida Statutes (1993).[1] Specifically, the plaintiffs argue that section 768.76 is inapplicable to this cause of action because this cause arose out of the ownership, operation, use or maintenance of a motor vehicle and accrued before October 1,1993. Instead, the plaintiffs maintain that section 627.7372, Florida Statutes (1991),[2] controls and that the defendants failed to meet the statute’s requirements by not presenting any evidence of collateral source payments to the jury.
In response, the defendants contend that section 627.7372 was repealed and that therefore, they were not required to present evidence of collateral source payments to the jury. Instead, the defendants maintain that section 768.76, Florida Statutes (1993), controls and provides that the court shall reduce the award of damages by the total amount of all collateral source payments. Based on the facts of the instant case, we agree with the plaintiffs.
In Kirkland v. Allstate Insurance Co., 656 So.2d 106 (Fla. 1st DCA 1995), the First District addressed the conflict between section 768.76 and section 627.7372. The First District explained that section 768.76. is a general provision that authorizes the court to reduce the jury’s damage award by the total amount of collateral source payments paid for the benefit of the claimant, while section 627.7372 is a more specific provision that applies to personal injury actions that arise out of the ownership, operation, use or maintenance of a motor vehicle and requires that evidence proving the total amount of collateral souree payments be presented to the jury during trial and that the jury be instructed to deduct from its verdict the value of all benefits received by the claimant from any collateral source. Kirkland, 655 So.2d at 109. The First District concluded that in automobile cases, section 768.76 must yield to the more specific section 627.7372. Kirkland, 655 So.2d at 109 (citing § 768.71(3), Fla.Stat.).
■ Although the defendants correctly state that section 627.7372 was repealed by Chapter 93-245, Laws of Florida, this does not affect the applicability of section 627.7372 to this case: Chapter 93-245 provides that the act shall take effect on October 1, 1993, and *62 apply to causes of action accruing on or after such date. Thus, in the instant-case, where the cause of action accrued on June 19, 1992, section 627.7372 controls and requires the presentation of evidence of collateral source payments to the jury. Because the defendants in this case failed to present evidence of collateral source payments to the jury, the trial court erred by granting the defendants’ post-trial motion for set-off and we must reverse that portion of the final judgment that incorporates the set-off. ■
Next, the plaintiffs contend that the trial court erred by denying their motion for additur and/or new trial on the issue of Carla Barberena’s damages for future medical expenses and future pain and suffering. The plaintiffs maintain that the jury award was grossly inadequate in light of the jury’s finding of permanent impairment and the expert testimony that was presented regarding future medical expenses and future pain and suffering. We diságree.
In Allstate Insurance Co. v. Manasse, 707 So.2d 1110 (Fla.1998), quashing 681 So.2d 779 (Fla. 4th DCA 1996), the Florida Supreme Court held that where a jury makes a finding of permanent injury and awards future medical expenses, an award of zero future noneconomic damages is not inadequate as a matter of law. In its opinion, the Supreme Court quoted Judge Larry A. Klein’s dissent in the Fourth District’s opinion stating that his reasoning buttressed their conclusion:
Future damages are, by nature, less certain than past damages. A jury knows for a fact that a plaintiff has incurred past medical expenses, and when it finds those expenses to have been caused by the accident, there is generally something wrong when it awards nothing for past pain and suffering. The need for future medical expenses is often in dispute, however, as it was here. It does not necessarily therefore follow, in my opinion, that an award of future medical expenses requires an award of noneconomic damages.
Our standard jury instructions do not require consistency in these verdicts. They allow a jury to return a verdict finding a permanent injury, but do not require an award of damages.
Manasse, 701 So.2d 1110 (quoting Manasse, 681 So.2d at 784-85 (Klein, J., dissenting)).
Although the instant case is slightly different from Manasse in that the jury found a permanent injury but refused to award both future medical expenses and future pain and suffering, we believe that this rationale is still applicable. Because a review of the record shows that the need for an award of future medical expenses and future pain and suffering was disputed by the parties’ experts, we conclude that the trial court was acting within its discretion when it denied that portion of the plaintiffs’ motion for addi-tur and/or new trial.
Affirmed, in part; reversed, in part, and remanded for entry of judgment consistent with this opinion.

. 768.76 Collateral sources of indemnity.—
(1) In any action to which this part applies in which liability is admitted or is determined by the trier of fact and in which damages are awarded to compensate the claimant for losses sustained, the court shall reduce the amount of such award by the total of all amounts which have been paid for the benefit of the claimant, or which are otherwise available to him, from all collateral sources ....

. 627.7372 Collateral sources of indemnity.—
(1) In any action for personal injury or wrongful death arising out of the ownership, operation, use, or maintenance of a motor vehicle, the court shall admit into evidence the total amount of all collateral sources paid to the claimant, and the court shall instruct the jury to deduct from its verdict the value of all benefits received by the claimant from any collateral source.