773 So.2d 1290 (2001)
ALLSTATE INSURANCE COMPANY, Appellant,
v.
Mary SCOTT, et al., Appellees.
No. 5D00-1631.
District Court of Appeal of Florida, Fifth District.
January 5, 2001.
*1291 Richard A. Sherman and Rosemary B. Wilder of Law Offices of Richard A. Sherman, P.A., Fort Lauderdale and Juliet Fleming Stage of the Law Offices of Patricia E. Garagozlo, Daytona Beach, for Appellant.
Larry Mark Polsky, Daytona Beach, for Appellees.
COBB, J.
Allstate Insurance Company appeals from a final judgment entered pursuant to a jury verdict in favor of its insured, Mary Scott, on her uninsured motorist claim. Allstate raises two issues, one concerning the propriety of the granting of a directed verdict in favor of Scott on the issue of comparative negligence and the other relating to the court's refusal to allow a setoff for PIP benefits. We affirm in part and reverse in part.
The entry of the directed verdict is affirmed. The evidence established, without contradiction, that the sole cause of the accident was the tortfeasor's act of suddenly and unexpectedly turning left into Scott's pathway. See Emmer v. Perez, 757 So.2d 612 (Fla. 3d DCA 2000).
The denial of a setoff, however, was reversible error. Allstate raised as an affirmative defense its entitlement to a collateral source setoff for PIP benefits paid to Scott by her PIP carrier. The trial court should have conducted a post-trial collateral source hearing to address the issue of a PIP setoff from the damage award contained in the verdict. See § 768.76(1), Fla.Stat. Scott's contention that Allstate was required to introduce evidence of PIP benefit payments during the course of the jury trial is incorrect. See §§ 627.736(3), Fla. Stat. We remand for further proceedings consistent with this opinion.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.
PETERSON and PALMER, JJ., concur.