872 So.2d 266 (2004)
Maria GARCIA, Appellant,
v.
Ana M. ARRAGA, Appellee.
No. 4D02-3609.
District Court of Appeal of Florida, Fourth District.
February 11, 2004.
*267 Richard A. Sherman of Law Offices of Richard A. Sherman, P.A., Fort Lauderdale, and Cymonie S. Rowe of Dickstein, Reynolds, Woods & Murasko, P.A., North Palm Beach, for appellant.
Allen E. Rossin of Law Offices of Allen E. Rossin, P.A., West Palm Beach, for appellee.
CHAVIES, MICHAEL B., Associate Judge.
Pending before this court is an appeal of an order denying the appellant's post-trial motion for collateral source deductions. For the reasons set forth below, this court reverses the trial court's ruling, and remands for further proceedings in accordance with this opinion.
The facts underlying this appeal stem from an automobile accident occurring in West Palm Beach, Florida. In 1998, the parties' automobiles collided near the intersection of Belvedere Road and Military Trail in West Palm Beach. The appellee, the plaintiff below, sued the appellant, the defendant below, for injuries sustained from the accident. After trial, the trial court denied the appellant's motion for collateral source set-off; and entered final judgment in favor of the appellee in the amount of $12,000. In its order, the trial court noted that absent an express agreement by the parties, it could not, post-trial, reduce the jury's damage award by the amount of the personal injury protection payments. In support of its decision, the court cited Kirkland v. Allstate Insurance Co., 655 So.2d 106 (Fla. 1st DCA 1995), and Marion v. Cissell, 376 So.2d 871 (Fla. 5th DCA 1979). These cases, as interpreted by the trial court, require evidence of collateral source payments to be submitted during trial for a jury's determination in automobile tort actions.
The appellant appeals the court's decision denying the post-trial motion for collateral source set-off. In support of the appeal, the appellant cites Section 768.76(1) of the Florida Statutes, which the appellant contends requires the trial court, after trial, to reduce the amount of the damage award by the total amount of the collateral source benefits which have been paid or which will be paid to the appellee.
The issue before this court is whether the trial court erred in failing to render a post-trial determination regarding collateral source payments. This court finds that the trial court did err. The trial court misconstrued the governing authority regarding collateral source evidence, and misinterpreted the facts.
*268 A review of the governing authority and the record supports this finding.

Governing Statutory Provisions
Section 768.76(1) and Section 627.736(3) of the Florida Statutes are two separate statutory provisions governing collateral sources.
Section 768.76(1), Florida Statutes, governs collateral sources of indemnity in general. It is set forth in Part II of the Florida Statutes entitled Negligence Actions. The provision applies to any action for damages whether in tort or contract.[1] Pursuant to Section 768.76(1), the court is authorized to reduce the claimant's damage award by the total amount of collateral source payments made for the benefit of the claimant after the trier of fact has made an initial award of damages. The provision provides:
In any action to which this part applies in which liability is admitted or is determined by the trier of fact and in which damages are awarded ... the court shall reduce the amount of such award by the total of all amounts which have been paid for the benefit of the claimant... from all collateral sources.
§ 768.76(1), Fla. Stat. (2002).
Subsection (2) of Section 768.76 defines the term "collateral sources." The subsection provides, in pertinent part:
For purposes of this section:
(a)"Collateral sources" means any payments made to the claimant, or made on the claimant's behalf, by or pursuant to:
(2) any health, sickness, or income disability insurance, automobile accident insurance that provides health benefits or income disability coverage....
§ 768.76(2)(a), Fla. Stat. (2002).
Section 627.736(3) of the Florida Statutes specifically addresses the recovery of collateral source payments in tort claims stemming from motor vehicle accidents. Section 627.736(3) is set forth in Part XI of the Florida Statutes entitled Motor Vehicle & Casualty Insurance Contracts. Section 627.736(3) reads, in part,
An injured party who is entitled to bring suit ... shall have no right to recover any damages for which personal injury protection benefits are paid or payable. The plaintiff may prove all of his special damages notwithstanding this limitation, but if special damages are introduced in evidence, the trier of fact, whether judge or jury, shall not award damages for personal injury protection benefits paid or payable.
§ 627.736(3), Fla. Stat. (2002).
Thus, under Section 627.736(3), the judge or the jury, as the trier of fact in an automobile case, is authorized to off-set an award of damages by the amount of personal injury protection benefits paid or payable if evidence of the benefits is presented at trial.
A cursory comparison of Section 627.736(3) with Section 768.76(1) initially reveals that the set-off provisions differ as to whether the judge, post-trial, or the jury, during trial, shall ultimately reduce the damage award. Several court decisions have construed the provisions as procedurally distinct, and have exclusively applied one over the other.
For example, in Caruso v. Baumle, 835 So.2d 276 (Fla. 5th DCA 2002) review granted, 852 So.2d 861 (Fla. 2003), the trial court granted the defendant's request to conduct post-trial discovery and present post-trial evidence of personal injury protection benefits. On appeal, the appellate court reluctantly upheld the trial court's ruling. The court applied Section *269 768.76(1) in lieu of Section 627.736(3). Although suggesting that a defendant is required to present evidence of PIP benefits during trial, pursuant to Section 627.736(3), the court, nevertheless, concluded that it was bound by an earlier decision rendered by that court announced in Allstate Insurance Co. v. Scott, 773 So.2d 1290 (Fla. 5th DCA 2001)[2]. That decision held that collateral source evidence should be presented after trial pursuant to Section 768.76(1).[3]
This court finds that both provisions authorize the trial judge to render a post-trial decision regarding collateral source payments after the court or jury has made an initial award of damages, regardless if the case is a personal injury case or a general tort case. That is, both provisions provide the trial court with the authority to reduce damage awards by the value of collateral sources payments as a post-verdict procedure. Both statutory provisions should be given effect simultaneously.
Decisions interpreting the application of each provision have intertwined the different statutes; citing the two statutes interchangeably. See e.g., Allstate Ins. Co. v. Rudnick, 706 So.2d 389 (Fla. 4th DCA 1998); and Allstate Ins. Co. v. Scott, 773 So.2d at 1290. This court agrees with those decisions which cite both statutory provisions interchangeably.[4]
This court finds Section 768.76(1) merely enlarges the scope of collateral sources from "personal injury protection benefits" (as set forth in Section 627.736(3)) to "all collateral sources" and defines the latter term specifically to include certain enumerated insurance benefits among which is "health or income disability insurance benefits" provided under automobile insurance (as set forth in Section 768.76(2)). Therefore, Section 768.76(1) applies to cases involving automobile accidents. That is, the *270 provision does not either expressly or by implication restrict coverage to non-automobile tort cases. The provision is a statute with broad and general application.
The paramount objective of both provisions is to ensure injured persons recover only reasonable damages. Goble v. Frohman, 848 So.2d 406 (Fla. 2d DCA 2003) review granted, 865 So.2d 480 (Fla. 2004); Robert Henderson and Patrick Maroney, Collateral Source Indemnity, 21 Fla. St. U.L.Rev. 571 (1993). The mechanics of both provisions are quite similar too. Both require the trier of fact to offset damages based on evidence of medical expenses paid or to be paid. The purpose of the collateral source set-off could be achieved under the provisions of either law.
Arguably, the preclusive language set forth in Section 768.71(3) of the Florida Statutes would seem to preclude the application of Section 768.76(1) to automobile tort cases. Section 768.71(3) provides: "if a provision of this part is in conflict with any other provision of the Florida Statutes, such other provision shall apply." This court finds that Section 627.736(3) does not conflict with or supplant Section 768.76(1). Such a construction would render meaningless subsection (2) of Section 68.76 that expressly provides that benefits provided under auto insurance are collateral sources which are deductible. Furthermore, it is implausible to conclude that the collateral source law, set forth in Section 627.736(3), supersedes Section 768.76(1) by operation of Section 768.71(3). Although the role of the jury was delineated under Section 627.736(3), the rights and obligations of the court were not extinguished. Thus, Section 768.71(3) does not preclude the authority accorded trial courts by Section 768.76(1) in cases involving automobile torts.
This interpretation is consistent with the legislative history of Section 768.76. In 1984, the Florida Bar Tort Litigation Review Commission recommended that the legislature synthesize all case law and then-existing statutes into a general collateral source statute for all personal injury cases. Thus, in 1986, Section 768.76 was enacted under the Tort Reform Act of 1986.[5] Section 627.7372, enacted in 1977, operated in conjunction with Section 768.76 until Section 627.7372 was repealed in 1993.[6] Section 627.7372 governed collateral source deductions in motor vehicle tort actions, and required the judge to admit into evidence the total amount of collateral source deductions, and to instruct the jury to deduct from its verdict the value of the collateral source benefits received. Section 768.76 did not repeal or supplant Section 627.7372.
Section 627.736 was enacted in 1971.[7] This provision embodied the concept of Section 627.7372 but not the language. Unlike Section 627.7372, Section 627.736 does not require evidence of collateral source payments to be introduced during trial. It only specifies that certain collateral source payments shall reduce the damage award if such evidence is presented during trial. While Section 627.7372 stood for the premise that collateral source payments arising from automobile cases must be presented during trial and not post-trial, Section 627.736 eliminated the distinction between mandatory and elective procedural practices.
Therefore, Section 627.736 should be read in tandem with Section 768.76, similar *271 to Section 627.7372 and Section 768.76. Section 768.76 was enacted to harmonize, not nullify, existing laws. It is logical to conclude that Section 627.736 should be construed harmoniously with Section 768.76. Neither provision yields to the other.
Therefore, this court finds that the trial court failed to reconcile what it perceived were ostensibly inconsistent provisions. The trial court erroneously relied upon an artificial distinction of the type of case to determine the applicability of the provisions. A post-trial deduction of collateral source payments is statutorily provided for under both sections.

Agreement Between the Parties: Implicit Authorization
This court further finds that the trial court failed to effectuate an agreement between the parties which also provided authorization to render a post-trial determination regarding the appellant's post-trial motion.
In particular, both parties conducted themselves in a manner consistent with an understanding that the deductions of personal injury protection benefits would be addressed at the conclusion of the trial. The following colloquy took place just prior to the beginning of trial:
THE COURT: What other motions do we have?
MR. BUCKNER: [defense counsel]: I looked over ones that I had that apparently I don't know that copies have been given; they all look pretty much standard for this type of BI [sic] case. I'm not even really going to raise them because I know Mr. Rossin knows the rules of evidence; we've admitted liability so he can't go into the citations, which I don't think there's a problem with that; those kinds of issues.
Soand I just want to make sure that we're clear on the collateral source post-trial.
MR. ROSSIN: [plaintiff's counsel]: There was a motion on that and why don't we talk about that, because I don't know howyou want to have it set-off post trial, is that what you are saying?
MR. BUCKNER: That's what I want to do.
THE COURT: This is Rapp's case but I will just keep it for purposes of anything post-trial.
Based upon the foregoing, it is clear that the appellant (defense counsel) requested and believed that his motion for collateral source set-off would be addressed post-trial. Additionally, no objection to this procedure was posed by the appellee (plaintiff's counsel). Although not specifically stated, the judge's response "to keep everything post-trial" could reasonably be understood by both parties to include consideration of the appellant's collateral source motion.
Furthermore, the conduct of the parties during trial lends further support that the collateral source issue was to be considered post-trial. The appellant never addressed collateral source payments during trial. Similarly, the appellee redacted all medical bills and avoided any reference to insurance during trial. Finally, at the charging conference, jury instructions on collateral source deductions were withdrawn.
Therefore, based on the record, the parties intended the issue to be handled post-trial. The trial court's findings that absent an agreement by the parties, it could not, post-trial, reduce the jury's damage award by the amount of the personal injury protection payments was erroneous.

*272 Two Issue Rule

As a final note, this court finds that the trial court is not barred, under the two-issue rule, from deducting collateral source payments from the lump sum, damage award. The two-issue rule is not applicable in the instant case. The appellee contends that the general verdict form (in lieu of an itemized form) prevents the court from discerning the actual amount awarded for economic damages versus non-economic damages. Under the two-issue rule, a party who cannot differentiate economic damages from the total award is barred from seeking a deduction of collateral source payments. Johnson v. LaSalle, 774 So.2d 760 (Fla. 4th DCA 2000).
We find this argument to be without merit. Economic damages are verifiable monetary losses which include medical expenses, loss of earnings, burial costs, property loss, and the like.[8] The record discloses that the only damages awarded by the jury were for medical expenses. Since the entire award consists of economic damages, the trial court is able to reduce the damage award by the amount of collateral source payments received which qualify as economic payments.
For the above reasons, this court finds the trial court's ruling was erroneous. Under either statutory provision, the trial court is authorized to offset, post-trial, the damage award by the amount of the collateral source payments paid to the appellee. In the context of this case, the parties did agree to consider the appellant's motion for collateral source deductions post-trial. The trial court, therefore, had the authority to reduce the amount of the damage award by the amount of the collateral source payments presented post-trial. The reduction can be easily accomplished since the only damages awarded by the jury were for medical expenses.
Accordingly, this matter is reversed and remanded to the trial court for further consideration of the appellant's post-trial motion in accordance with this opinion.
REVERSED and REMANDED.
STEVENSON and MAY, JJ., concur.
NOTES
[1] Section 768.71(1), Fla Stat. (2003).
[2] The appellate court implied that Section 627.736(3) was the better rule of law, but declined to change the rule in Scott, and left any change up to the state Supreme Court. The court certified the following question for the Supreme Court's review:

IN AN AUTOMOBILE ACCIDENT CASE, DOES SECTION 627.736(3) REQUIRE THAT EVIDENCE OF PIP BENEFITS FOR PURPOSES OF SET OFF BE PRESENTED TO THE TRIER OF FACT, BE IT JUDGE OR JURY, AND IF A JURY, MUST THE JURY BE INSTRUCTED THAT THE PLAINTIFF SHALL NOT RECOVER FOR SPECIAL DAMAGES FOR PERSONAL INJURY PROTECTION BENEFITS PAID OR PAYABLE?
OR, PURSUANT TO THAT STATUTE AND ABSENT A WAIVER OR AN AGREEMENT BY THE PARTIES, MAY A PARTY, ASSERTING SET OFF OF PIP BENEFITS INTRODUCE THAT EVIDENCE AFTER A JURY TRIAL TO THE JUDGE FOR A FACT FINDING OF AMOUNTS INVOLVED, AND FOR PURPOSES OF REDUCING THE PLAINTIFF'S RECOVERY?
[3] Other examples of court decisions which have not applied Section 627.736(3) contemporaneously with Section 768.76(1) include Kirkland v. Allstate Insurance Co., 655 So.2d 106 (Fla. 1st DCA 1995).
[4] In a previous decision, this court reviewed Section 627.7372 (now repealed) and Section 768.76. See White v. Westlund, 624 So.2d 1148 (Fla. 4th DCA 1993). In that case, this court addressed whether Section 768.76, as the general statute governing damages in negligence cases, or Section 627.7372, as the statute specifically directed at tort actions involving motor vehicles, governed collateral source setoff in automobile accident cases. This court concluded that Section 627.7372 was "more appropriate" for automobile cases since it specifically addressed automobile tort actions. However, subsequent conflicting decisions reached by other appellate courts have rendered that case (and its progenyPizzarelli v. Rollins, 704 So.2d 630 (Fla. 4th DCA 1997)) susceptible to debate. The differing constructions applied by other appellate courts makes reliance on our previous decisions tenuous.
[5] Florida Bar Staff, Florida Civil Practice: Damages, § 4:35 History (5th ed. 2000).
[6] Id.
[7] See ch. 71-252, Laws of Fla.
[8] See § 768.81 Fla. Stat.(2002).