881 So.2d 1178 (2004)
Erin WENDELL, Appellant,
v.
UNITED SERVICES AUTOMOBILE, etc., et al., Appellee.
No. 5D03-2946.
District Court of Appeal of Florida, Fifth District.
August 27, 2004.
Rehearing Denied September 22, 2004.
*1179 Dennis J. Hightower of Hightower and Doane, Orlando, for Appellant.
Jamie Billotte Moses and Jeffrey W. Kirsheman of Fisher, Rushmer, Werrenrath, Dickson, Talley & Dunlap, P.A., Orlando, for Appellee.
ORFINGER, J.

ON MOTION FOR REHEARING
We grant Erin Wendell's motion for rehearing, withdraw the per curiam affirmance previously entered in this case, and substitute the following in its place.
Wendell appeals from a final judgment rendered in her favor in an uninsured motorist action brought against USAA Casualty Insurance Company. Wendell contends, among other things, that the trial court erred by making the PIP collateral source offset post trial over her objection, rather than allowing the trier of fact, in this case, the jury, to do the setoff, as required by section 627.736(3), Florida Statutes (2002). We agree.
Initially, we affirmed the trial court's decision to make the PIP setoff post trial based on Allstate Insurance Co. v. Scott, 773 So.2d 1290 (Fla. 5th DCA 2001), and Garcia v. Arraga, 872 So.2d 266 (Fla. 4th DCA 2004). However, subsequent to our per curiam affirmance, the supreme court held in Caruso v. Baumle, 880 So.2d 540 (Fla.2004), that in lawsuits concerning motor vehicle accidents, PIP setoffs are governed by section 627.736(3), not section 768.76(1), Florida Statutes (2002), effectively overruling Scott and Garcia.
USAA argues that we should not consider Caruso because "[h]ad the Supreme Court's Caruso decision been rendered only a few days later and outside the time for a motion for rehearing, any efforts by Appellant to seek a reversal of this Court's decision would seem preposterous." While that may be true, USAA's argument ignores the general rule that appellate courts, in reviewing judgments on direct appeal, are required to apply the law prevailing at the time of the appellate decision. See Fla. East Coast Ry. Co. v. Rouse, 194 So.2d 260 (Fla.1966).[1] We recognize *1180 that the trial court and the parties did not have the benefit of Caruso at the time of the trial, just as we did not have it at the time of our original affirmance of this matter. However, we are required to apply the law as it exists at the time of the appeal, rather than that which existed when the case was tried. See Safeguard Mgmt., Inc. v. Pinedo, 865 So.2d 672 (Fla. 4th DCA 2004).
Because USAA failed to prove its PIP setoff defense before the trier of fact, as required by section 627.736(3), we affirm the judgment, but remand the matter so that the judgment can be increased by the amount of PIP benefits paid to or on behalf of Wendell by USAA, which was deducted by the trial court from the judgment post trial.
AFFIRMED AND REMANDED WITH DIRECTIONS.
PETERSON, J., concurs.
TORPY, J., concurs and concurs specially, with opinion.
TORPY, J., concurring and concurring specially.
I agree with the majority opinion. I write to address Wendell's contention that payment of medical expenses by USAA, pursuant to the PIP coverage, was admissible during Wendell's case-in-chief for the purpose of proving USAA's liability for the injury under the uninsured motorist component of its policy. This issue is not addressed in Caruso. In my view, the lower court quite correctly ruled that this evidence could not be introduced for this purpose. Section 90.409 (2003), Florida Statutes, prohibits the introduction of "[e]vidence of furnishing, or offering or promising to pay medical or hospital expenses ... to prove liability for the injury or accident." (emphasis added). Therefore, Wendell's argument that a new trial is warranted so that he may introduce this evidence is without merit.
NOTES
[1] Of course, to benefit from a change in the law, the appellant must have preserved the issue for appellate review, as was done here. See Smith v. State, 598 So.2d 1063, 1066 (Fla.1992).