GRIFFIN, J.
Appellant, Catherine Wallace [“Wallace”] appeals the final judgment entered in favor of Appellee, Allstate Indemnity Company [“Allstate”]. Wallace contends that the trial court reversibly erred by setting off PIP benefits after trial. She asks that judgment be entered in the amount of the original verdict.
This appeal arises from a motor vehicle accident involving Wallace and two unknown drivers who fled the scene after the collision. Wallace was insured by Allstate. Wallace filed suit against Allstate seeking uninsured motorist benefits. Allstate admitted that it provided UM coverage to Wallace and that the negligence of the other drivers was the legal cause of the accident. Allstate pled as one of its affirmative defenses the right to a set-off for all amounts paid for PIP and collateral source benefits.
Allstate filed several motions in limine prior to trial, one of which sought to prohibit any mention at trial that Allstate had paid benefits to Wallace under Wallace’s PIP coverage with Allstate. The trial court determined that matters addressing collateral sources, including PIP, would be handled post-trial, relying on two cases from this Court, Caruso v. Baumle, 835 So.2d 276 (Fla. 5th DCA 2002), and Allstate Insurance Co. v. Scott, 773 So.2d 1290 (Fla. 5th DCA 2001).
At the conclusion of the trial, the jury returned a verdict in favor of Wallace in the amount of $11,300.00, which represented payment of past medical expenses of $9,700.00 and past lost wages of $1,600.00. Both parties filed post-trial motions. Wallace filed a motion for new trial and Allstate filed a motion for collateral source set-off, asking the Court to enter final judgment in favor of Allstate for a net verdict of zero because the $11,300 verdict was less than PIP benefits paid in the amount of $15,345.58.
Before the court ruled, the supreme court rendered its decision in Caruso v. Baumle, 880 So.2d 540 (Fla.2004). Based on that case, Wallace filed an amended motion for new trial.
Thereafter, on September 15, 2004, Wallace filed a motion for entry of final judgment in accordance with the verdict and a memorandum of law in support of her motion. Relying on this court’s decision in Wendell v. United Services Automobile, 881 So.2d 1178 (Fla. 5th DCA 2004), the motion asserted that, in the absence of a stipulation to the contrary, where a defendant has failed to present evidence of collateral source benefits at the time of trial, a remand for entry of a verdict without the post-trial set off is required. Thereafter, Allstate responded by filing its second motion for collateral source set-off, alleging that because Wallace had withdrawn her motion for new trial, the post-judgment set-off by the court must stand. Allstate acknowledged in the motion that if Wallace had chosen to proceed with the motion for new trial based on the change in law, she would have been entitled to a new trial on damages but that her withdrawal of the *52 new trial motion signifies “total agreement with everything that occurred in the trial, negates and removes her right to a new trial, and entitles the Court and [Allstate] to proceed with the rulings that have previously been made in the case.”
A hearing was conducted on Wallace’s motion for entry of final judgment in accordance with the verdict on October 18, 2004. The trial court denied Wallace’s motion, finding that, at the time of trial, the motion in limine was consistent with authority existing in this district and that, because the opportunity to present the issue to the jury had passed, the subsequent Florida supreme court decision overruling the district court’s decision on this issue should not be given retrospective application. The court accordingly granted Allstate’s request for post-trial collateral source set-off and entered final judgment in favor of Allstate.
There can be no doubt that the supreme court’s decision in Caruso applies to this pipeline case and that the issue was preserved. The failure to apply Caruso was error. A more difficult question is whether and how to apply our decision in Wendell. In Wendell, the appellant appealed from a final judgment rendered in her favor in an uninsured motorist action brought against the insurance company. Appellant contended that the trial court erred by making the PIP collateral source offset post trial over her objection, rather than allowing the trier of fact, the jury, to do the setoff, as required by section 627.736(8), Florida Statutes (2002).
This Court initially affirmed the trial court’s decision based on Scott. However, subsequent to this Court’s per curiam af-firmance, the supreme court released its opinion in Caruso overruling Scott. The plaintiff filed a motion for rehearing in this court. The insurance company argued that this Court should not consider Caruso because “had the Supreme Court’s Caruso decision been rendered only a few days later and outside the time for rehearing, any efforts by Appellant to seek a reversal of this Court’s decision would seem preposterous.” 881 So.2d at 1179. We disagreed, pointing out that appellate courts, in reviewing judgments on direct appeal, are required to apply the law prevailing at the time of the appellate decision, provided the appellant had preserved the issue for appellate review.
The Wendell court said that, because the insurance company had failed to prove its PIP setoff defense before the trier of fact as required by the statute, the case should be remanded so that the judgment could be increased by the amount of the PIP benefits that were deducted by the trial court from the judgment post trial.
The trial judge in this case simply refused to apply Wendell, finding Wendell “distinguishable” because there was no indication that the Wendell court had considered the “estoppel” argument made by the insurer in this case that the plaintiff was “estopped” to rely on Caruso because the defendant had “detrimentally relied” on the then-current law. When faced with a new decision affecting a pending case, the trial court is bound to apply it. Caruso made it clear that the trial court’s decision not to allow set-off evidence to go to the jury was error. Wendell reinforced that point. The Wendell opinion also suggested, however, that the proper remedy would be to simply undo the post-trial set-off.
The trial court erred in allowing the post-verdict set-off to stand because the identified facts support no known concept of “estoppel” that we are aware of. If the trial court disagreed with Wendell, it should have followed it while explaining for *53 our benefit why the trial court thought Wendell was inapplicable or wrong.
Even though the trial court’s decision and its estoppel analysis were not correct, the trial court’s premise was correct. To simply eliminate the post-trial set-off would allow a double recovery contrary to law. From our vantage point, we are able to see that the outcome in Wendell was driven by the circumstances of that case. In Wendell, the insurer preferred to forego the set-off rather than retry damages. Wendell’s resolution does not work in a case such as this where the insurer wishes to pursue its set-off, even though a retrial of damages is required.
REVERSED and REMANDED.
SAWAYA and TORPY, JJ„ concur.