DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**CITIZENS PROPERTY INSURANCE CORPORATION,**
Appellant,

v.

**MARIE AVRIL** and **CLIFFORD ROMAIN,**
Appellees.

No. 4D2022-0360

[March 27, 2024]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Sandra Perlman, Judge; L.T. Case No. CACE19-009207.

Kathryn L. Ender of Dinsmore & Shohl LLP, Miami, for appellant.

Chad A. Barr of Chad Barr Law, Altamonte Springs, for appellees.

GROSS, J.

We reverse the $1,000 final judgment entered in favor of the plaintiffs below because the trial court should have applied a $2,900 hurricane deductible post-verdict to offset the jury's determination of damages.

Citizens Property Insurance Corporation issued a homeowners' policy to appellees Marie Avril and Clifford Romain (the "plaintiffs") for a one-year term beginning in July 2017. The policy contains a $2,900 hurricane deductible.

The plaintiffs sued Citizens for breach of contract, alleging that their home was damaged by Hurricane Irma in September 2017 and that Citizens failed to pay all the damages owed under the policy.

### *Trial and Verdict*

The case proceeded to a three-day trial. The largest component of the plaintiffs' claimed damages was for the roof. The plaintiffs also sought compensation for a side fence (or gate) and a backyard fence. Avril testified that after the backyard fence fell following the hurricane, she hired someone from Home Depot to fix it, but she could not recall how much the

repair cost. A contractor's superintendent prepared a damage estimate for the items that still needed to be addressed. He testified that the fence in the back "has to be replaced" for $1,000, and that "the fence on the side is $750 for a two-foot two gates." He reiterated on cross-examination that the estimate for the backyard fence was $1,000.

Citizens introduced into evidence a copy of the policy, which showed the $2,900 hurricane deductible.

During the charge conference, Citizens' counsel agreed to the verdict form, particularly its language about damages, "on the condition that . . . the Court factors into any deductibles after . . . the verdict is signed." The court told the attorney "You are way ahead" and pointed out that the expressed concern had nothing to do with the propriety of the verdict form.

During closing argument, the plaintiffs' counsel listed the various items of damages the plaintiffs were seeking, including "the side fence, $750. The backyard fence, 1,000." The plaintiffs' counsel admitted that the plaintiffs were not seeking to be awarded any damages for the unknown amount the plaintiffs had already spent on the prior repair to the back fence: "Marie testified she repaired the fence. She doesn't know how much she paid. . . . I'm not asking her to guess how much she paid to repair the fence because that may be prejudicial to them. . . . So she's taking the loss. She's not being greedy."

At no point during trial was there any testimony, legal argument, or jury instruction regarding application of the hurricane deductible. The only mention of the hurricane deductible was in the policy itself.

The jury instructions stated that "[i]f you find for Plaintiffs, you should award Plaintiffs an amount of money that the greater weight of the evidence shows will fairly and adequately compensate Plaintiffs for their damages."

The jury returned a verdict against the plaintiffs as to the dwelling and the roof; the jury found that the plaintiffs did not "prove by the greater weight of the evidence that the exterior of their property sustained Hurricane Irma damage that created an opening through which rain entered and caused damage."

However, "[a]s to the fences," the jury found that the plaintiffs had proven their case and awarded $1,000 as compensation for "100% of the damages" to "their fence."

2

### *Post-Trial Proceedings*

Citizens argued that final judgment should not be entered for the plaintiffs because the company was entitled to credit for the $2,900 hurricane deductible.[1]  The trial court rejected Citizens' argument and entered judgment for the plaintiffs for $1,000, which reserved jurisdiction as to attorney's fees.  The trial court later denied Citizens' motion to "alter or amend the Final Judgment to include a credit for the Hurricane Deductible, thereby resulting in a final judgment in Citizens' favor."  This appeal ensued.

### *Citizens Was Entitled to Have the Trial Court Apply the Deductible Post-Verdict Under the Circumstances of This Case*

A "deductible" is "a clause in an insurance policy that relieves the insurer of responsibility for an initial specified loss of the kind insured against."  *Gen. Star Indem. Co. v. W. Fla. Vill. Inn, Inc.*, 874 So. 2d 26, 33 (Fla. 2d DCA 2004).  The purpose of a deductible "is to alter the point at which an insurance company's obligation to pay will ripen."  *Int'l Bankers Ins. Co. v. Arnone*, 552 So. 2d 908, 911 (Fla. 1989).

"The application of the deductible provision in a policy of insurance is not a defense which must be raised as an affirmative defense but is, in fact, a basic part of the policy of insurance."  *Digit. Med. Diagnostics v. United Auto. Ins. Co.*, 958 So. 2d 505, 507 (Fla. 3d DCA 2007).  "[I]mposing on a defendant compensatory damages which are not authorized by law and which are contrary to law" is error.  *Marks v. Delcastillo*, 386 So. 2d 1259, 1268 (Fla. 3d DCA 1980) (quoting *Keyes Co. v. Sens*, 382 So. 2d 1273, 1276 (Fla. 3d DCA 1980)).

Where a claim of setoff is predicated upon a settlement, courts defer such setoff claims "until such time as liability has been found, but before judgment is rendered."  *Am. Prime Title Servs., LLC v. Wang*, 317 So. 3d 1183, 1187 (Fla. 3d DCA 2021).  This type of setoff "is a determination regarding damages to be made by the court after the verdict is rendered." *Id.* (quoting *Felgenhauer v. Bonds*, 891 So. 2d 1043, 1045 (Fla. 2d DCA 2004)).

Similar to post-trial setoffs, the general practice is for the trial court to determine the application of an insurance deductible after the jury verdict.

---

[1] We note that Citizens' objection concerning the application of the deductible was preserved by Citizens' argument in opposition to the plaintiffs' motion to enter a final judgment.

*See, e.g.*, *Citizens Prop. Ins. Corp. v. Amat*, 198 So. 3d 730, 732 (Fla. 2d DCA 2016) ("The trial court gave Citizens a credit for the $2,500 policy deductible in the amended final judgment."); *State Farm Fire & Cas. Co. v. Castillo*, 829 So. 2d 242, 244 (Fla. 3d DCA 2002) (noting that the trial court "entered final judgment in [the insureds'] favor, minus the policy's $500 deductible plus prejudgment interest"); *McKenna v. Carlson*, 771 So. 2d 555, 557 (Fla. 5th DCA 2000) ("The PIP deductible of $2,000 was correctly ordered set off from the verdict."); *QBE Ins. Corp. v. Chalfonte Condo. Apartment Ass'n*, 94 So. 3d 541, 544 (Fla. 2012) (stating that the federal district court had granted a "motion to amend the judgment by applying the hurricane deductible contained in the Policy"); *Banta Props., Inc. v. Arch Specialty Ins. Co.*, 553 F. App'x. 908, 909–10 (11th Cir. 2014) (noting that the trial court entered judgment in favor of the insureds after accounting for the deductibles).

An exception to the general practice occurs where a statute requires the jury to compute a setoff, but a trial court erroneously rules that the setoff will be handled post-verdict. The remedy in this circumstance is not to eliminate the setoff, but to remand for a trial on damages. Thus, in *Wallace v. Allstate Indem. Co.*, 920 So. 2d 50, 53 (Fla. 5th DCA 2005), the court reversed a post-trial setoff for amounts paid for PIP benefits but remanded for retrial of damages. The Fifth District observed that "[t]o simply eliminate the post-trial set-off would allow a double recovery contrary to law. . . . In [a different case], the insurer preferred to forego the set-off rather than re-try damages. [Such a] resolution does not work in a case such as this where the insurer wishes to pursue its set-off, even though a retrial of damages is required." *Id.*

Here, the trial court erred by failing to apply the hurricane deductible post-verdict, because the jury was never tasked with determining its applicability.

Although the policy containing the deductible was admitted into evidence, no argument regarding the deductible was presented to the jury. Further, the jury instructions contained no reference to the hurricane deductible. For damages, the jury was instructed to "award Plaintiffs an amount of money that the greater weight of the evidence shows will fairly and adequately compensate Plaintiffs for their damages." And the verdict form asked the jury to answer "in dollars and cents as to 100% of the damages" that would fairly and adequately compensate the plaintiffs for the damage caused to their fence, without any mention of a reduction for a hurricane deductible.

4

The jury verdict of $1,000 for damages "as to the fence(s)" was spot on to the testimony that the backyard fence needed to be replaced for $1,000. The total amount of fence damages discussed at trial was $1,750, so it is mathematically impossible for the jury to have applied the deductible and still have awarded damages.

Finally, the trial court's response to Citizens' reference to the deductible at the charge conference tacitly acknowledged that the deductible would be applied post-verdict. The law presumes that the jury followed the court's instructions to award "100% of the damages" for the "fence(s)." Any suggestion that the jury might have taken the deductible into consideration in awarding damages is pure speculation.

We reverse the final judgment and remand to the circuit court for the entry of a final judgment in favor of Citizens.

*Reversed and remanded with instructions.*

GERBER and CONNER, JJ., concur.

*     *     *

***Not final until disposition of timely filed motion for rehearing.***